IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELLSWORTH ASSOCIATES, LLP,<br><br>     Plaintiff-Relator,<br><br> v.<br><br>CVS HEALTH CORPORATION, *et al.*,<br><br>     Defendants. | Case No.:  2:19-cv-02553-JMY |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO AMEND THE COURT'S ORDER UNSEALING THE SECOND AMENDED COMPLAINT AND RESPONSE TO RELATOR'S CONDITIONAL MOTION FOR A RULE 16 CONFERENCE**

  This Court unsealed this False Claims Act (FCA) case and ordered the relator to serve the Second Amended Complaint (SAC) on defendants, without limitation. Defendants are entitled to see all factual allegations made against them in the SAC so they can prepare their defense. *See* Fed. R. Civ. P. 5.2 (authorizing only limited redactions, none of which apply here). To that end, defendants repeatedly asked the relator for the unredacted SAC. The relator repeatedly refused to provide its own pleading in full under the bizarre rationale that defendants' request constitutes an improper request for discovery and, when faced with this motion, would only do so if defendants agreed not to use the redacted factual allegations in their motion to dismiss briefing, which was unreasonable. The relator now takes an even stranger position, arguing that defendants cannot see the unredacted SAC because the relator filed only the redacted SAC, which is a different document. This argument is meritless. There is only one SAC, it is a judicial record, and the relator's word play cannot defeat defendants' presumptive common-law right to access it.

1

SilverScript also needs the unredacted SAC in order to identify the individual SilverScript enrollees alleged in the SAC, and then notify those enrollees and the U.S. Department of Health and Human Services (HHS) that the protected health information (PHI) of the enrollees may have been disclosed as a result of a breach.  SilverScript intends to provide notice because Ms. Miller (a former CVS employee) took documents or call recordings with enrollee PHI from defendants in violation of the CVS Health colleague handbook and Restrictive Covenant Agreement that she signed, and then two third parties—Ellsworth Associates, LLP (the relator) and a third-party website called Rev.com—received disclosures of the PHI.  It is undisputed that neither Ms. Miller nor her attorneys had a HIPAA Business Associate Agreement with the third parties.  In this unusual situation, the nature of the disclosures and the application of the regulatory safe harbor at 45 C.F.R. § 164.502(j) to those disclosures are unclear.  So the most transparent approach that SilverScript can take with the enrollees and HHS is to provide notice of the disclosures.

The relator has prevented SilverScript from identifying the enrollees for months, and now argues—in yet another strange turn—that defendants have "accused Relator of unsubstantiated legal violations."  Not so.  Defendants seek only the SAC that the relator filed against them so that SilverScript can ensure *its own compliance* with the HIPAA Privacy Rule—the application of which is unclear on these facts—and maintain transparency with regulators and enrollees.

The relator similarly claims that defendants have not articulated why they need access to the SAC to ensure HIPAA compliance.  That is wrong too.  Defendants articulated both to the relator's counsel by way of multiple meet-and-confer conferences and emails, and to the Court in their motion to amend, that defendants need to know which SilverScript enrollees' PHI has been disclosed in order to notify those enrollees and HHS of the potential breach.

The relator levels equally unfounded arguments throughout its response.  For instance, the

relator argues that defendants "mad[e] clear that [they] are seeking one-sided discovery which they intend to use in their Motion to Dismiss briefing." But defendants did nothing of the sort. And their reply in support of their motion to dismiss corroborates that.

The relator also argues that defendants did something improper by asking her to return the PHI that she took in violation of the CVS Health Colleague handbook and her Restrictive Covenant Agreement. There was absolutely nothing improper about taking steps to stop further disclosures of PHI and protect the privacy of enrollees.

The relator is simply wrong on the facts and the law. Again, there is one SAC and it is a judicial record because it is part of the Court's adjudicatory proceedings. *Purcell v. Gilead Scis., Inc.,* 415 F. Supp. 3d 569, 574 (E.D. Pa. 2019). The relator has still not articulated "compelling, countervailing interests" sufficient to defeat the "strong presumption of access" to the unredacted SAC. The Court should therefore order the relator to produce the unredacted SAC.

The Court should also deny the relator's cross-motion for a Rule 16 conference because the relator has conditioned it on the Court ordering the relator to produce discovery material. Defendants do not seek an order to produce discovery material here.

Judicial efficiency counsels in favor of adjudicating defendants' motion to dismiss before scheduling a Rule 16 conference. Defendants show in their motion to dismiss that the relator has not alleged any actionable fraud on the government as a matter of law, which ends the case and eliminates the need for the Court to conduct a Rule 16 conference and years of case management. Defendants respectfully suggest that the Court schedule a Rule 16 conference only if the Court finds that the relator has alleged a legally cognizable claim and denies the motion to dismiss in whole or in part. Either way, a ruling on the motion to dismiss will reduce the Court's workload by enabling more efficient case management. The parties have radically different legal

Case 2:19-cv-02553-JMY   Document 43   Filed 10/27/22   Page 4 of 5

interpretations of the FCA and the Medicare statutes and regulations; those stark legal differences promise to drive the parties' approaches to any discovery and surface throughout the case management process unless they are addressed at the outset.

If the Court grants the relator's conditional cross-motion, or otherwise schedules a Rule 16 conference, then defendants will comply with the Pretrial Procedure set forth in the Court's Policies and Procedures for Civil Cases expeditiously and in good faith.

Dated: October 27, 2022                          /s/ Lesli C. Esposito
                                                 Brian R. Stimson (*pro hac vice*)
                                                 Jennifer B. Routh (*pro hac vice*)
                                                 Lesli C. Esposito (PA Bar No. 201906)
                                                 Theodore E. Alexander (*pro hac vice*)
                                                 Crystal Fomba (*pro hac vice*)
                                                 MCDERMOTT WILL & EMERY LLP
                                                 500 North Capitol Street NW
                                                 Washington, DC 20001
                                                 (202) 756-8000

                                                 *Counsel for Defendants*
                                                 *CVS Health Corporation; CVS Pharmacy, Inc.;*
                                                 *SilverScript Insurance Company, LLC; and*
                                                 *CVS Caremark Corporation*

4

## CERTIFICATE OF SERVICE

      I certify that on October 27, 2022, this document was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

                                                                                   /s/ *Lesli C. Esposito*
                                                                                  Lesli C. Esposito