## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA *ex rel.*
ELLSWORTH ASSOCIATES, LLP,

              Plaintiff-Relator,

    v.

CVS HEALTH CORPORATION, *et al.*,

              Defendants.

Case No.: 2:19-cv-02553-JMY

## REPLY MEMORANDUM IN SUPPORT OF RELATOR'S CROSS MOTION THAT THE COURT SET A RULE 16 CONFERENCE

Defendants have moved the Court to amend the unsealing Order and require Relator to serve them with the never-filed, unredacted Second Amended Complaint ("SAC") because (a) it is a purported "judicial record" (Defendants' Mem., ECF No. 40-1, at 2-3), and (b) they may have an obligation to notify enrollees of a potential HIPAA breach (*id.* at 3-4). Those arguments fail. The unredacted SAC, because it was never filed, is not a judicial record, and Relator fully complied with the Court's unsealing Order by serving on Defendants the exact same SAC that was filed with the Court. And Defendants' equivocal HIPAA breach assertions fail to justify their requested relief. (Relator's Mem. in Opposition, ECF No. 41-1, at 2-9). Defendants' Reply thus fails to move the needle, and their motion should be denied.

In the event the Court amends its unsealing Order to require Relator to serve the unredacted SAC, Relator cross-moved the Court to schedule the Rule 16 conference and direct the parties to commence discovery immediately, including conducting substantial discovery before the Rule 16 conference. (Relator's Cross Motion, ECF No. 41). In opposition to Relator's cross motion, Defendants argue only that "judicial efficiency" requires the Court to rule on their pending Rule

12(b)(6) motion prior to initiating discovery. (Defendants' Reply, ECF No. 43, at 3). This argument is baseless.

## ARGUMENT

### A.   If the Court grants Defendants' motion, it should enter an order for a Rule 16 Conference.

As explained in its Response, if Relator is ordered to produce the unredacted SAC, which would be subject to the rules of bilateral discovery, the discovery process ought to begin as soon as possible. (ECF No. 41-1, at 9). The only argument Defendants make in opposition to Relator's cross motion is that "judicial efficiency" requires delaying the Rule 16 conference until after the Court has ruled on their pending Rule 12(b)(6). (ECF No. 43, at 3). Not only do Defendants fail to cite case law supporting their position, delaying the initiation of discovery because of a motion to dismiss is the exception generally. *See, e.g.*, *TSM Assocs., LLC v. Tractor Supply Co.,* No. 08-CV-230-JHP-FHM, 2008 WL 2404818, *1 (N.D. Okla. June 11, 2008) ("Staying discovery during the pendency of a motion to dismiss is not the usual course."). Although a trial court has the discretion to grant discovery stays, completely halting the discovery process is far from routine. And courts, including courts in this judicial district, regularly admonish against granting discovery stays simply because of the existence of a motion to dismiss. *See 19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (observing that "the court should not automatically stay discovery because a motion to dismiss has been filed"). *See also Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("It is well settled that the mere filing of a dispositive motion does not constitute good cause for the issuance of a discovery stay."); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery…."); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.

Cal. 1990) (reasoning that "[h]ad the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect").

Indeed, staying discovery during the pendency of a motion to dismiss is "not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Creativ Pultrusions, Inc. v. Cooper B-Line, Inc.*, No. 3:18-CV-256, 2019 WL 4058660, *3 (W.D. Pa. Aug. 27, 2019), quoting *Coca-Cola Bottling Co. v. Grol*, No. CIV. A. 92-7061, 1993 WL 13139559, *2 (E.D. Pa. Mar. 8, 1993). As Relator explained in its Response, Defendants are attempting to gain an unfair advantage through an improper head start on one-sided discovery. (ECF No. 41-1, at 8). This is the kind of "clear tactical disadvantage" which weighs against staying discovery. *Gerald Chamales Corp.*, 247 F.R.D. at 454; Skoorka v. Kean Univ., No. CV163842KMMAH, 2019 WL 4509294, *5 (D.N.J. Sept. 19, 2019).

Defendants have failed to carry their burden of showing "good cause" for a stay, nowhere showing that "there is a 'clear and unmistakable result' that the Court could reach on ... a motion to dismiss." *United States ex rel. Simpson v. Bayer Corp.*, No. CV 05-3895 (JLL), 2013 WL 12303732, *2 (D.N.J. Jan. 4, 2013). Thus, unless "it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Solomon Realty Co. v. Tim Donut U.S., Ltd.*, No. 2:08-CV-561, 2009 WL 2485992, *2 (S.D. Ohio Aug. 11, 2009).

This case has been ongoing for three years, and a stay at this juncture would unduly prejudice Relator, which is entitled to both a timely and effective resolution of its claims. *In re Plastics Additives Antitrust Litig.*, Civ. No. 03-2038, 2004 WL 2743591 at *7 (E.D. Pa. Nov. 29, 2004). Defendants have not suggested that continuing with discovery will entail an undue burden

(*Keystone Coke Co. v. Pasquale*, No. CIV. A. 97-6074, 1999 WL 46622, *1 (E.D. Pa. Jan. 7, 1999) (denying stay because defendant failed to show "undue burden")), nor have they argued a stay will simplify the issues in this action, particularly as to fact-intensive inquiries like Defendants' scienter, which is "unsuitable for resolution at the motion to dismiss stage" (Relator's Opposition Brief, ECF No. 38, at 30) and will require further discovery.  *See* <u>Skoorka,</u> 2019 WL 4509294, at *5 (stay not appropriate where additional discovery will be required in any event).

Defendants have clearly failed to make the "requisite strong showing" they "will succeed on the merits" justifying a stay of discovery.  *Michtavi v. Scism, No.* 1:12-CV-01196, 2015 WL 114348, *2 (M.D. Pa. Jan. 8, 2015); *see also Imaginarium, LLC v. United States Small Bus. Admin.*, No. 2:21-CV-00752-TS-DBP, 2022 WL 2047314, *2 (D. Utah June 7, 2022) (argument that SBA will prevail on motion to dismiss "does not by itself ... make the requisite strong showing" to justify stay of discovery because "[a]s of now it is at best uncertain that SBA's Motion will be successful").

Thus, in keeping with the Court's policy that the parties should "conduct substantial discovery before the Rule 16 conference," U.S. District Judge John Milton Younge, *Policies and Procedures: General Matters, Civil Cases, and Criminal Cases* at 9, if the Court grants Defendants' motion, Relator respectfully requests that the Court enter an order setting the Rule 16 conference, directing the parties to commence discovery immediately and to "conduct substantial discovery before the Rule 16 conference." *Id.*

Dated: October 31, 2022           _/s/ W. Scott Simmer_____
                                  W. Scott Simmer (*pro hac vice*)
                                  William G. Powers (PA Bar No. 316876)
                                  Jennifer Fountain Connolly (*pro hac vice*)
                                  Noah M. Rich (*pro hac vice*)
                                  Catherine H. Dorsey (*pro hac vice pending*)
                                  BARON & BUDD, P.C.

The Watergate
600 New Hampshire Ave. NW,
10th Floor
Washington, DC 20037
Telephone: (202) 333-4562
Facsimile: (202) 337-1039

*Counsel for Relator Ellsworth Associates, LLP*

**CERTIFICATE OF SERVICE**

I certify that on October 31, 2022, this document was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

/s/ W. Scott Simmer