**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel*. ELLSWORTH ASSOCIATES, LLP, <br><br> Plaintiff-Relator, <br><br> v. <br><br> CVS HEALTH CORPORATION, *et al*., <br><br> Defendants. | Case No.: 2:19-cv-02553-JMY |

**BRIEF IN SUPPORT OF**
**RELATOR'S RULE 12(F) MOTION TO STRIKE**
**DEFENDANTS' AFFIRMATIVE DEFENSES**

W. Scott Simmer (*pro hac vice*)
William G. Powers (PA Bar No. 316876)
Michael von Klemperer (*pro hac vice*)
Noah M. Rich (*pro hac vice*)
BARON & BUDD, P.C.
The Watergate
600 New Hampshire Ave. NW,
10th Floor
Washington, DC 20037
Telephone: (202) 333-4562
Facsimile: (202) 337-1039

*Counsel for Relator Ellsworth Associates, LLP*

**TABLE OF CONTENTS**

I.      BACKGROUND ........................................................................................ 1

II.     LEGAL STANDARD ............................................................................... 1

III.    ARGUMENT ............................................................................................ 2

    A.   The Court Should Strike CVS's First and Second Affirmative Defenses (Failure to State a Claim and Failure to Plead with Particularity) ...................................3

    B.   The Court Should Strike CVS's Third Affirmative Defense (Waiver) ............................3

    C.   The Court Should Strike CVS's Fourth Affirmative Defense (Estoppel) ........................4

    D.   The Court Should Strike CVS's Fifth Affirmative Defense (Laches) ............................5

    E.   The Court Should Strike CVS's Sixth Affirmative Defense (Unclean Hands) ................6

    F.   The Court Should Strike CVS's Seventh Affirmative Defense (Preclusion of Attorneys' Fees "Under Applicable Provisions of Law") ........................8

    G.   The Court Should Strike CVS's Eighth Affirmative Defense (Standing) ........................8

    H.   The Court Should Strike CVS's Ninth Affirmative Defense (Separation-of-Powers, Appointments, Executive Vesting, and Take Care Clauses) .......9

    I.   The Court Should Strike CVS's Tenth Affirmative Defense (Preemption) ...................12

    J.   The Court Should Strike CVS's Twelfth Affirmative Defense (Reservation of Rights) ..............................................................................13

IV.     CONCLUSION ....................................................................................... 13

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Federal Cases**

*Bowers v. WIMCO*,
   No. CV 09-4049, 2010 WL 11710610 (E.D. Pa. June 25, 2010) ...........................................13

*Dann v. Lincoln Nat. Corp.*,
   274 F.R.D. 139 (E.D. Pa. 2011) ...................................................................................... *passim*

*Fredericks v. CIR*,
   126 F.3d 433 (3d Cir.1997)..................................................................................................4

*Friedman v. Rite Aid Corp.*,
   152 F. Supp. 2d 766 (E.D. Pa. 2001) ...................................................................................11

*Giuliani v. Polysciences, Inc.*,
   275 F. Supp. 3d 564 (E.D. Pa. 2017) ....................................................................................2

*Hernandez, Kroone & Assocs., Inc. v. United States*,
   95 Fed. Cl. 395 (2010) .........................................................................................................6

*McKennon v. Nashville Banner Publ'g Co.*,
   513 U.S. 352 (1995) .............................................................................................................6

*Mifflinburg Tel., Inc. v. Criswell*,
   80 F. Supp. 3d 566 (M.D. Pa. 2015) ....................................................................................2

*Monongahela Valley Hosp., Inc. v. Sullivan*,
   945 F.2d 576 (3d Cir. 1991)..................................................................................................4

*Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*,
   934 F.2d 209 (9th Cir. 1991) ...............................................................................................7

*Murphy v. Nat'l Collegiate Athletic Ass'n*,
   138 S. Ct. 1461 (May 14, 2018)...........................................................................................12

*Office of Personnel Mgmt. v. Richmond*,
   496 U.S. 414 (1990).............................................................................................................4

*Riley v. St. Luke's Episcopal Hosp.*,
   252 F.3d 749 (5th Cir. 2001) ....................................................................................9, 10, 11

*Ruscher v. Omnicare Inc.*,
   No. 4:08-CV-3396, 2014 WL 5364152 (S.D. Tex. Oct. 21, 2014) ....................................6, 7

*SEC v. Gulf & Western Indus., Inc.*,
   502 F. Supp. 343 (D.D.C.1980) ........................................................................6

*Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*,
   554 U.S. 269 (2008) ........................................................................................9

*Theokary v. United States*,
   562 F. App'x 116 (3d Cir. 2014) .....................................................................4

*United States ex rel. Bunk v. Gosselin World Wide Moving, N.V.*,
   741 F.3d 390 (4th Cir. 2013) ..........................................................................9

*United States ex rel. Ellsworth Assoc., LLP v. CVS Health Corp.*,
   No. 2:19-cv-02553-JMY, 2023 WL 2467170 (E.D. Pa. Mar. 10, 2023) .............1, 3

*United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*,
   No. 4:12-CV-461, 2016 WL 3031713 (E.D. Tex. May 25, 2016) ....................6, 7

*United States ex rel. Gale v. Omnicare, Inc.*,
   No. 1:10-CV-127, 2013 WL 3822152 (N.D. Ohio July 23, 2013) .........................7

*United States ex rel. Int'l Bhd. of Elec. Workers Loc. Union No. 98 v. Farfield Co.*,
   5 F.4th 315 (3d Cir. 2021) .............................................................................8

*United States ex rel. Kelly v. Boeing Co.*,
   9 F.3d 743 (9th Cir. 1993) .........................................................................10, 11

*United States. ex rel. Kreindler & Kreindler v. United Techs. Corp.*,
   985 F.2d 1148 (2d Cir. 1993) .........................................................................11

*United States ex rel. Mandel v. Sakr*,
   No. 17-CV-907S, 2021 WL 1541490 (W.D.N.Y. Apr. 20, 2021) ........................6

*United States ex rel. Ryan v. Endo Pharms., Inc.*,
   27 F. Supp. 3d 615 (E.D. Pa. 2014), *aff'd sub nom. United States ex rel. Dhillon v. Endo Pharms.*, 617 Fed. App'x 208 (3d Cir. 2015) .........................5

*United States ex rel. Spay v. CVS Caremark Corp.*,
   No. CIV.A. 09-4672, 2013 WL 1755214 (E.D. Pa. Apr. 24, 2013) ............... *passim*

*United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*,
   41 F.3d 1032 (6th Cir. 1994) ......................................................................7, 11

*United States v. Asmar*,
   827 F.2d 907 (3d Cir.1987) .............................................................................4

*United States v. Consolidation Coal Co.*,
  Civ. A. No. 89-2124, 1991 WL 333694 (W.D. Pa. July 5, 1991) ..........................................13

*United States v. Cushman & Wakefield, Inc.*,
  275 F. Supp. 2d 763 (N.D. Tex. 2002) ...................................................................................6

*United States v. Honeywell Int'l, Inc.*,
  841 F. Supp. 2d 112 (D.D.C. 2012) ...............................................................................3, 4, 5

*United States v. Manhattan-Westchester Med. Servs., P.C.*,
  No. 06 CIV.7905 WHP, 2008 WL 241079 (S.D.N.Y. Jan. 28, 2008) .....................................6

*United States v. Sensient Colors, Inc.*,
  580 F. Supp. 2d 369 (D.N.J. 2008) .......................................................................................13

*United States v. Southern Motor Carriers Rate Conference*,
  439 F. Supp. 29 (N.D.Ga.1977) ..............................................................................................6

*United States v. St. John's Gen. Hosp.*,
  875 F.2d 1064 (3d Cir. 1989)...................................................................................................5

*United States v. Union Gas Co.*,
  743 F. Supp. 1144 (E.D. Pa. 1990) ....................................................................................1, 2

*United States v. W. Processing Co.*,
  734 F. Supp. 930 (W.D.Wash.1990).........................................................................................6

*United States v. Weathers*,
  186 F.3d 948 (D.C.Cir.1999)....................................................................................................3

*Unites States ex rel. Stone v. Rockwell Int'l Corp.*,
  282 F.3d 787 (10th Cir. 2002) ...........................................................................................8, 11

*Vazquez v. Triad Media Sols., Inc.*,
  No. 15CV07220WHWCLW, 2016 WL 6092066 (D.N.J. Oct. 18, 2016).............................13

*Vermont Agency of Nat. Res. v. United States ex rel. Stevens*,
  529 U.S. 765 (2000)...................................................................................................8, 9, 10

**Federal Statutes**

31 U.S.C. § 3730......................................................................................................7, 8, 9

31 U.S.C. § 3731 .........................................................................................................5

**Rules**

Fed. R. Civ. P. 8................................................................................................... *passim*

Fed. R. Civ. P. 12 ................................................................................................1

Fed. R. Civ. P. 15 ..............................................................................................13

**Constitutional Provisions**

U.S. CONST. Article II, § 1 ................................................................................12

U.S. CONST. Article II, § 2, cl. 2 .......................................................................11

U.S. CONST. Article II, § 3 ................................................................................10

**Other Authorities**

James B. Helmer, *False Claims Act: Whistleblower Litigation* (8th ed. 2021) .............9, 10, 11, 12

The CVS Defendants'[1] eleven challenged affirmative defenses are precisely what Rule 12(f) was designed to address—defenses that this Court has already rejected, defenses that fail under black letter law, and defenses so devoid of factual or legal detail that the Relator is denied fair notice. Significantly, because none of the challenged defenses turn on disputed issues of fact, they are ripe for resolution at this time as a matter of law. Moreover, permitting these defenses to remain in the case would significantly expand the scope of discovery—both for the Relator and the Government—wasting time, money, and attention on defenses that will either be abandoned or rejected on summary judgment. Accordingly, the Court should take this early opportunity to streamline the case and eliminate these futile defenses.

## I.   BACKGROUND

CVS filed its Answer to Relator's Second Amended Complaint on April 7, 2023. Answer (ECF No. 57). CVS's Answer contains twelve bare-bones Affirmative Defenses, eleven of which the Relator challenges in this motion (the First through Tenth and Twelfth).[2] *See* Answer at 79-80. These defenses contain *no supporting facts* whatsoever and consist of little more than a recitation of the name of each defense without elaboration. *Id.*

## II.   LEGAL STANDARD

A motion to strike under Rule 12(f) provides the "primary procedure" to challenge an insufficient defense. *United States v. Union Gas Co.*, 743 F. Supp. 1144, 1150 (E.D. Pa. 1990).

---

[1] Defendants CVS Health Corporation, SilverScript Insurance Company, LLC, CVS Caremark Corporation, and CVS Pharmacy, Inc., hereinafter "CVS."

[2] As with the other defenses, CVS's Eleventh Affirmative Defense, which is based on the purported public disclosure of the allegations underlying the Relator's claims, is baseless. However, because the Court has already found that this defense "may involve consideration of matters of fact," resolution of it is "more appropriate" at the "summary judgment phase." *United States ex rel. Ellsworth Assoc., LLP v. CVS Health Corp.*, No. 2:19-cv-02553-JMY, 2023 WL 2467170, at *7 (E.D. Pa. Mar. 10, 2023).

Motions to strike "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case." *Id.*; *Giuliani v. Polysciences, Inc.*, 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017) ("The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.") (internal quotation marks omitted).

"An affirmative defense is insufficient if it is not recognized as a defense to the cause of action," or where the "court has previously made a legal determination" rejecting it. *United States ex rel. Spay v. CVS Caremark Corp.*, No. CIV.A. 09-4672, 2013 WL 1755214, at *1, *3 (E.D. Pa. Apr. 24, 2013) (citation omitted). A defense is also insufficient where it amounts to nothing more than "bare bones conclusory allegations." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 146 (E.D. Pa. 2011). "[W]hen an affirmative defense omits a short and plain statement of facts entirely and fails totally to allege the necessary elements of the claim, it has not satisfied the pleading requirements of the Federal Rules." *Id.*; Fed. R. Civ. P. 8(b)(1)(A) (requiring a "short and plain" statement of each defense). Rule 8 requires that a defendant provide the plaintiff with, at a minimum, "fair notice" of its defenses, which "requires more than a mere rote recitation of generally available affirmative defenses without citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the case." *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015); *Dann*, 274 F.R.D. at 145 ("affirmative defenses" must "provide the plaintiff with fair notice of the nature of the defense").

### III.   ARGUMENT

The Court should strike CVS's First through Tenth and Twelfth Affirmative Defenses, each of which has either been previously rejected, fails as a matter of law, and/or is pled in such conclusory, bare-bones terms that Relator has been denied fair notice.

### A.  The Court Should Strike CVS's First and Second Affirmative Defenses (Failure to State a Claim and Failure to Plead with Particularity)

CVS's First Affirmative Defense is that Relator has failed to state a claim and its Second is that Relator has failed to plead fraud with particularity. Answer at 79. But "[w]here . . . a court has previously made a legal determination that a Plaintiff's complaint stated a claim for relief, a subsequent affirmative defense claiming failure to state a claim or to properly plead should be stricken." *CVS Caremark Corp.*, 2013 WL 1755214, at *3. "Otherwise, defendants would have the opportunity to seek reconsideration of a court's legal finding through the vehicle of an affirmative defense." *Id.*

Here, CVS already moved to dismiss Relator's claims on both grounds and the Court squarely rejected them as to Relator's remaining claims (Counts I, II, and III). *See Ellsworth Assoc., LLP*, 2023 WL 2467170, at *1. Because these defenses "have been conclusively determined by the Court," they should be stricken. *CVS Caremark Corp.*, 2013 WL 1755214, at *4 (striking same two defenses in prior CVS FCA case).

### B.  The Court Should Strike CVS's Third Affirmative Defense (Waiver)

In its Third Affirmative Defense, CVS asserts that this case "is barred, in whole or in part, by the doctrine of waiver." Answer at 79. CVS pleads no supporting facts. *See id.*

Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Honeywell Int'l, Inc.*, 841 F. Supp. 2d 112, 114 (D.D.C. 2012) (quoting *United States v. Weathers,* 186 F.3d 948, 955 (D.C.Cir.1999)). "Violations of the FCA . . . may only be waived by the Department of Justice, and the unauthorized statements of United States agents may not serve to waive the Government's claims." *CVS Caremark Corp.*, 2013 WL 1755214, at *11 (internal quotation marks omitted). Thus, to advance a waiver defense, a defendant must allege that the Department of Justice had "knowledge of the falsity of their statements or actions," *id.* at *12, and

intentionally relinquished the right to pursue an FCA case against it, *Honeywell*, 841 F. Supp. 2d at 114-16. CVS pleads no such facts (because none exist). Accordingly, CVS has not provided Relator with fair notice and its bare-bones pleading violates the requirements of Rule 8. *Dann*, 274 F.R.D. at 142, 146 (striking "bare-bones" defense that merely stated plaintiff's claims "are barred in whole or in part by . . . waiver"); *CVS Caremark Corp.*, 2013 WL 1755214, at *11-12 (striking waiver defense where CVS failed to "allege any government knowledge of the falsity of their statements or actions"); *Honeywell*, 841 F. Supp. 2d at 114-16 (striking waiver defense where defendant "fails to identify any clear and intentional relinquishment or abandonment by the Attorney General of the right to sue under the FCA").

### C. The Court Should Strike CVS's Fourth Affirmative Defense (Estoppel)

In its Fourth Affirmative Defense, CVS asserts that this case "is barred, in whole or in part, by the doctrine of estoppel." Answer at 79. CVS pleads no supporting facts. *See id.*

Estoppel is generally unavailable against the Government and can only be asserted in certain "extreme circumstances." *Monongahela Valley Hosp., Inc. v. Sullivan*, 945 F.2d 576, 588 (3d Cir. 1991) (quoting *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 434 (1990)). Indeed, the Supreme Court has "reversed every finding of estoppel [against the government] that [it] ha[s] reviewed." *Richmond*, 496 U.S. at 422. "To assert estoppel against the government, a party must show (1) a misrepresentation by the government, (2) on which the [party] reasonably relied, (3) to his detriment, and (4) affirmative misconduct by the government." *Theokary v. United States*, 562 F. App'x 116, 118 (3d Cir. 2014) (citing *United States v. Asmar*, 827 F.2d 907, 912–13 (3d Cir.1987); *Fredericks v. CIR*, 126 F.3d 433, 438 (3d Cir.1997)). CVS's bare-bones pleading fails to address any of these required elements or demonstrate any "extreme circumstances." Accordingly, CVS has not provided Relator with fair notice and its bare-bones pleading violates the requirements of Rule 8. *Dann*, 274 F.R.D. at 142, 146 (striking "bare-bones" defense that

merely stated plaintiff's claims "are barred in whole or in part by . . . estoppel"); *Honeywell*, 841 F. Supp. 2d at 115 (striking estoppel defense where defendant "has not pointed to any definite representation by the government" nor "any reasonable reliance on government representations in such a manner as to change its position for the worse").

### D.  The Court Should Strike CVS's Fifth Affirmative Defense (Laches)

In its Fifth Affirmative Defense, CVS asserts that this case "is barred, in whole or in part, by the doctrine of laches." Answer at 79. CVS pleads no supporting facts. *See id.* This defense fails for at least four reasons.

First, "[i]t is well established . . . that the United States is not subject to the defense of laches in enforcing its rights." *CVS Caremark Corp.*, 2013 WL 1755214, at *8 (quoting *United States v. St. John's Gen. Hosp.*, 875 F.2d 1064, 1071 (3d Cir. 1989)). Indeed, "no rule is better established." *Id.* (collecting cases). And laches is unavailable even where the Government declines to intervene in a *qui tam* case because the United States remains the real party in interest whose financial interests are at stake. *Id.* at *8 n.9.

Second, "laches generally does not apply when a claim is brought at law, that is only for monetary damages." *United States ex rel. Ryan v. Endo Pharms., Inc.*, 27 F. Supp. 3d 615, 631 (E.D. Pa. 2014), *aff'd sub nom. United States ex rel. Dhillon v. Endo Pharms.*, 617 Fed. App'x 208 (3d Cir. 2015) (citing *CVS Caremark Corp.*, 2013 WL 1755214, at *9). "Because the FCA does not provide for injunctive or other equitable relief, . . . laches cannot apply." *Id.*

Third, "where a claim is subject to a statute of limitations, laches usually is not applicable." *Id.* (citing *CVS Caremark Corp.*, 2013 WL 1755214, at *9). "Because the False Claims Act provides a six year statute of limitations, 31 U.S.C. § 3731(b), laches cannot operate to bar an otherwise timely claim under the FCA." *CVS Caremark Corp.*, 2013 WL 1755214, at *9.

Fourth, CVS's bare-bones pleading—which fails to provide any factual basis explaining

how laches could be applicable here—fails to provide the Relator with fair notice and violates Rule 8. *Dann*, 274 F.R.D. at 142, 146 (striking "bare-bones" defense that merely stated plaintiff's claims "are barred in whole or in part by . . . laches").

### E.  The Court Should Strike CVS's Sixth Affirmative Defense (Unclean Hands)

In its Sixth Affirmative Defense, CVS asserts that this case "is barred, in whole or in part, by the doctrine of unclean hands." Answer at 79. CVS pleads no supporting facts and does not indicate whose hands—the Government's or the Relator's—are purportedly unclean. *See id.* This defense fails for at least three reasons.

First, assuming that CVS alleges it is the Government's hands that are unclean, this defense is simply "unavailable against the Government." *Hernandez, Kroone & Assocs., Inc. v. United States*, 95 Fed. Cl. 395 (2010) (striking unclean hands defense in FCA case) (internal quotation marks omitted); *United States ex rel. Mandel v. Sakr*, No. 17-CV-907S, 2021 WL 1541490, at *2 (W.D.N.Y. Apr. 20, 2021) (same); *United States v. Manhattan-Westchester Med. Servs.*, *P.C.*, No. 06 CIV.7905 WHP, 2008 WL 241079, at *4 (S.D.N.Y. Jan. 28, 2008)) (same); *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 773 (N.D. Tex. 2002) (same).[3]

Second, assuming CVS alleges that it is Relator's hands that are unclean, this defense fails because it provides no defense to liability. *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-461, 2016 WL 3031713, at *10 (E.D. Tex. May 25, 2016) ("a relator's unclean hands are not a bar to a defendant's liability, but only to the relator's eventual award"); *Ruscher v. Omnicare Inc.*, No. 4:08-CV-3396, 2014 WL 5364152, at *2 (S.D. Tex. Oct. 21, 2014) (defendant

---

[3] *See also McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995); *SEC v. Gulf & Western Indus., Inc.*, 502 F. Supp. 343, 348 (D.D.C.1980); *United States v. W. Processing Co.*, 734 F. Supp. 930 (W.D.Wash.1990); *United States v. Southern Motor Carriers Rate Conference*, 439 F. Supp. 29, 52 (N.D.Ga.1977).

"may not rely on Relator's alleged wrongdoing—whether framed as unclean hands or *in pari delicto*—to avoid liability on Relator's *qui tam* claims"); *United States ex rel. Gale v. Omnicare, Inc.*, No. 1:10-CV-127, 2013 WL 3822152, at *9 (N.D. Ohio July 23, 2013) (finding relator's unclean hands irrelevant to defendant's liability).[4] Rather, a relator's misconduct is *only* relevant to the relator's ultimate share of recovery, which is determined in "a separate proceeding, after judgment or settlement." *Gale*, 2013 WL 3822152, at *9.[5] That proceeding will be "a matter between [the Relator] and the United States"—CVS has "no legal standing or right to participate." *Id.* (quoting *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1046 (6th Cir. 1994)). Accordingly, courts have repeatedly rejected unclean hands defenses based on a relator's purported misdeeds. *See, e.g.*, *Fisher*, 2016 WL 3031713, at *10; *Ruscher*, 2014 WL 5364152, at *2; *Gale*, 2013 WL 3822152, at *9. In fact, in CVS's prior False Claims Act case in this District, it did not even defend its unclean hands defense which was stricken after CVS voluntarily withdrew it. *CVS Caremark Corp.*, 2013 WL 1755214, at *8 n.8, *17 (striking unclean hands defense "after being voluntarily withdrawn by [CVS] Defendants").

Striking this defense to the extent it is directed to the Relator's purportedly unclean hands is particularly appropriate given that CVS will likely rely on it as a justification for extensive, invasive, and wholly irrelevant discovery.

Third, CVS's bare-bones pleading—which fails to provide any factual basis explaining whose hands are purportedly unclean and how that defense is applicable in this case—fails to

---

[4] *Cf. Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 213 (9th Cir. 1991) ("The FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy against a qui tam plaintiff with 'unclean hands.")

[5] The Relator's recovery could, theoretically, be reduced if she "planned and initiated the violation" or was "convicted of criminal conduct arising from his or her role in the violation," 31 U.S.C. § 3730(d)(3), neither of which is true here.

provide the Relator with fair notice and violates Rule 8. *Dann*, 274 F.R.D. at 146.

**F. The Court Should Strike CVS's Seventh Affirmative Defense (Preclusion of Attorneys' Fees "Under Applicable Provisions of Law")**

In its Seventh Affirmative Defense, CVS asserts that Relator is "precluded" from recovering attorneys' fees under unidentified "applicable provisions of law." Answer at 79. But the False Claims Act expressly provides that a relator "shall … receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(2); *see also United States ex rel. Int'l Bhd. of Elec. Workers Loc. Union No. 98 v. Farfield Co.*, 5 F.4th 315, 324 (3d Cir. 2021) ("The FCA . . . authorizes recovery of a relator's attorneys' fees"). "All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d)(2). As such, CVS's defense is legally baseless. In addition, by failing to provide *any* factual support or even identifying the purportedly "applicable provisions of law," CVS has failed to provide Relator with fair notice of the basis for this defense in violation of Rule 8. *See Dann*, 274 F.R.D. at 146.

**G. The Court Should Strike CVS's Eighth Affirmative Defense (Standing)**

In its Eighth Affirmative Defense, CVS asserts that "Relator lacks standing" under Article III to seek civil penalties. Answer at 80. CVS does not contend Relator lacks standing to seek damages. *See id.* The United States Supreme Court has expressly and definitively rejected this defense, holding that there is "no room for doubt that a *qui tam* relator under the FCA has Article III standing." *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778 (2000); *see also Unites States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 804 (10th Cir. 2002) (explaining that defendant's "challenge to the Article III standing of relators is easily disposed of" because in *Vermont Agency*, "the Supreme Court held that relators *do* have standing

to litigate *qui tam* claims") (emphasis in original).[6] As the Supreme Court explained, the FCA operates as a "partial assignment" of the Government's recovery to the Relator, conferring a form of "representational standing" that the Supreme Court has "routinely" accepted. *Vermont Agency*, 529 U.S. at 773.[7] *Vermont Agency* "put to rest any doubt concerning the constitutionality of a relator's standing under the FCA." James B. Helmer, *False Claims Act: Whistleblower Litigation* 308 (8th ed. 2021). CVS's curious distinction between damages and civil penalties does not change the result—the FCA permits relators to receive a share of both, 31 U.S.C. § 3730(d)(2), and even "relators seeking solely civil penalties enjoy standing to sue." *Gosselin World Wide Moving, N.V.*, 741 F.3d at 402, 404 (explaining that "[t]he Supreme Court's decision in *Vermont Agency* is dispositive of the question").

### H. The Court Should Strike CVS's Ninth Affirmative Defense (Separation-of-Powers, Appointments, Executive Vesting, and Take Care Clauses)

In its Ninth Affirmative Defense, CVS asserts that "[b]ecause the United States has not intervened in this case, Relator's prosecution of it violates separation-of-power principles and the Appointments, Executive Vesting, and Take Care Clauses of Article II of the Constitution of the United States." Answer at 80. This Court should join with every prior federal court that has considered these purported defenses and reject them.

As an initial matter, the *qui tam* action has been a well-recognized and universally accepted procedure in English and American law for approximately *eight hundred years*, having "originated

---

[6] *Accord United States ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 404 (4th Cir. 2013); *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 752 n.3 (5th Cir. 2001).

[7] Indeed, following *Vermont Agency*, the Supreme Court recognized that assignees who have agreed to remit 100% of the proceeds of the lawsuit to their assignor may still have Article III standing—"federal courts routinely entertain suits which will result in relief for parties that are not themselves directly bringing suit." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 286-87 (2008).

around the end of the 13th century." *Vermont Agency*, 529 U.S. at 774-78 (discussing lengthy history and acceptance of *qui tam* procedure). And the FCA itself was first enacted in 1863 "with the principal goal of stopping the massive frauds perpetrated by large [private] contractors during the Civil War." *Id*. 781. The Supreme Court found this lengthy historical pedigree sufficient in and of itself to conclude that FCA relators have Article III standing. *Id.* at 777-78.

This "same history . . . is similarly conclusive with respect to the Article II" challenges CVS asserts in its Ninth Affirmative Defense. *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 752 (5th Cir. 2001); *see also Vermont Agency*, 529 U.S. at 801 (historical "evidence, together with the evidence that private prosecutions were commonplace in the 19th century" is "sufficient to resolve the Article II question") (Stevens, J. dissenting). Indeed, in the 160 years since the FCA was first enacted, no defendant has successfully challenged the Act's constitutionality under Article II. Helmer, *supra* at 307 ("the FCA has withstood every constitutional challenge"); *see also id.* at 330-31. On the contrary, every federal court that has considered these purported defenses has rejected them.[8]

"[T]he separation of powers doctrine can be violated by provisions of law that . . . undermine the authority and independence of one or another coordinate Branch." *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 750 (9th Cir. 1993) (internal quotation marks omitted). In the context of the FCA, "the relevant presidential duty is to 'take Care that the Laws be faithfully executed'"—the Take Care Clause. *Id.* at 751 n.6 (quoting U.S. CONST. art. II, § 3). FCA defendants have argued that the statute's *qui tam* provisions are unconstitutional because they undermine the Executive Branch's authority to investigate and prosecute violations of law. But every court that has considered this argument has rejected it given the numerous controls the

---

[8] To the extent any lower court accepted any Article II challenge, it was reversed on appeal.

Executive retains over the relator's prosecution of the case including—*e.g.*, intervention and dismissal. *Id.* at 753, 757 (rejecting separation of powers argument and enumerating many controls the Executive retains over relator's prosecution of case); *Taxpayers Against Fraud*, 41 F.3d at 1041 (FCA does not violate separation of powers because it has "been crafted with particular care to maintain the primacy of the Executive Branch in prosecuting false-claims actions"); *United States. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1154-55 (2d Cir. 1993) (no separation of powers issue because "executive branch [given] substantial control over the litigation"); *Friedman v. Rite Aid Corp.*, 152 F. Supp. 2d 766, 771-72 (E.D. Pa. 2001) (same); Helmer, *supra* at 329 (noting that every "federal court to consider the issue" has rejected argument).

Defendants have also argued that the FCA infringes the Executive's prerogative to appoint "officers of the United States" under the Appointments Clause. U.S. CONST. art. II, § 2, cl. 2. But again, every federal court to consider the argument has rejected it. *See, e.g.*, *Stone*, 282 F.3d at 804-05; *Riley*, 252 F.3d at 757-58; *Taxpayers Against Fraud,* 41 F.3d at 1041; *Kelly*, 9 F.3d at 758-59. Relators simply cannot meet "the constitutional definition of an 'officer'" which requires "at a minimum, a continuing and formalized relationship of employment with the United States Government," *Riley*, 252 F.3d at 757; *Stone*, 282 F.3d at 805, and the exercise of "significant" governmental authority, *Kelly*, 9 F.3d at 758; *Taxpayers Against Fraud*, 41 F.3d at 1041.[9]

Presumably because unanimous federal precedent has rejected arguments premised on the Take Care and Appointments Clauses, CVS also cites the Executive Vesting Clause, which provides that "[t]he executive Power shall be vested in a President of the United States of

---

[9] *See also Friedman*, 152 F. Supp. 2d at 771 ("Since a relator is only a representative of the Government and not an "officer," the False Claims Act does not violate the Appointments Clause.").

America." U.S. CONST. art. II, § 1. Relator was unable to find a single case that recognized (or even discussed) this Clause as establishing a defense to any claim, let alone an FCA claim. Given that it appears no party has raised this argument in the FCA's 160-year history, and the unanimous caselaw discussed above rejecting every other Article II constitutional challenge, the Court should reject CVS's bare-bones Executive Vesting defense as well.

Finally, as a private party, CVS does "not have standing to raise" the foregoing Article II challenges. Helmer, *supra* at 330. "Such a challenge belongs, instead, solely, to the executive branch"—the purportedly aggrieved party. *Id.* Thus, the Court should give "little weight . . . to an argument made by a private party charged with defrauding the government that the FCA violates the separation of powers doctrine." *Id.*

## I.   The Court Should Strike CVS's Tenth Affirmative Defense (Preemption)

In its Tenth Affirmative Defense, CVS asserts that this case is "preempted, in whole or in part, by federal law or otherwise barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States." Answer at 80. CVS pleads no supporting facts. *Id.* Nor does it identify what federal law purportedly preempts the *solely federal* claims in this case. *Id.*

As CVS's pleading recognizes, the concept of preemption "is based on the Supremacy Clause." *Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1479 (May 14, 2018). Preemption "simply provides a rule of decision"—"[i]t specifies that federal law is supreme *in case of a conflict with state law*." *Id.* (internal quotation marks omitted) (emphasis added). Because Relator brings solely federal claims, CVS's preemption defense is facially inapplicable. Moreover, by failing to allege any facts or identify the federal law that purportedly preempts Relator's claims, CVS has failed to provide Relator with fair notice or comply with Rule 8's pleading requirements. *See Dann*, 274 F.R.D. at 146.

12

**J.  The Court Should Strike CVS's Twelfth Affirmative Defense (Reservation of Rights)**

CVS's final "affirmative defense" is simply a purported reservation of the right to assert additional defenses at a later date. Answer at 80. But a "general reservation" of this sort is not a true defense, "injects only ambiguity into the pleadings," and "violates Rule 8's notice requirement." *Vazquez v. Triad Media Sols., Inc.*, No. 15CV07220WHWCLW, 2016 WL 6092066, at *3 (D.N.J. Oct. 18, 2016) (quoting *United States v. Sensient Colors, Inc.*, 580 F. Supp. 2d 369, 389 (D.N.J. 2008)). CVS may only add additional defenses "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Accordingly, this defense "serves no purpose" and should be stricken. *Bowers v. WIMCO*, No. CV 09-4049, 2010 WL 11710610, at *2 n.1 (E.D. Pa. June 25, 2010) (quoting *United States v. Consolidation Coal Co.*, Civ. A. No. 89-2124, 1991 WL 333694, *8 (W.D. Pa. July 5, 1991)); *Vazquez*, 2016 WL 6092066, at *3.

## IV.  CONCLUSION

For the foregoing reasons, Relator respectfully requests that the Court grant its motion and strike CVS's First through Tenth and Twelfth Affirmative Defenses.

Dated: April 28, 2023                    _/s/ W. Scott Simmer_

W. Scott Simmer (*pro hac vice*)
William G. Powers (PA Bar No. 316876)
Michael von Klemperer (*pro hac vice*)
Noah M. Rich (*pro hac vice*)
BARON & BUDD, P.C.
The Watergate
600 New Hampshire Ave. NW,
10th Floor
Washington, DC 20037
Telephone: (202) 333-4562
Facsimile: (202) 337-1039


*Counsel for Relator Ellsworth Associates, LLP*

**CERTIFICATE OF SERVICE**

I certify that on April 28, 2023 this document was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

*/s/ W. Scott Simmer*