IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELLSWORTH ASSOCIATES, LLP,<br><br>                      Plaintiff-Relator,<br><br>    v.<br><br>CVS HEALTH CORPORATION, *et al.*,<br><br>                      Defendants. | Case No.: 2:19-cv-02553-JMY |

**JOINT MOTION TO DESIGNATE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and L. Civ. R. 72.1, the parties hereby jointly move to designate United States Magistrate Judge Carol Sandra Moore Wells to hear and decide discovery disputes in the above-captioned matter.[1] As detailed herein, designation of Magistrate Judge Moore Wells is particularly appropriate here because: (1) the litigation is complex, extensive, and significant; (2) threshold issues involving the proper scope and manner of discovery remain in dispute; and (3) ongoing oversight of discovery will be necessary for the parties to adhere to the demanding case schedule.

**I. ARGUMENT**

**A. The Litigation Is Complex, Extensive, And Significant.**

Relator, pursuant to the *qui tam* provisions of the Federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA"), brings this action on behalf of the United States to recover damages and civil penalties arising from Defendants' false and/or fraudulent records, statements, and claims.

---

[1] United States District Judge John H. Younge referred this case to Magistrate Judge Moore Wells for settlement purposes on May 23, 2023. (ECF No. 69.)

(ECF No. 18.) Specifically, Relator alleges that Defendants devised an intentionally fraudulent scheme to prevent Medicare Part D beneficiaries from accessing less costly, equivalent versions of numerous generic prescription drugs in favor of much costlier, multi-source brand-name drugs. *Id*. Defendants subsequently passed these excess costs on to the United States through the submission of Medicare Part D pharmacy claims. Based on initial estimates on the number of false claims submitted and the price differences between brand-name and generic drugs, Relator estimates single damages for the United States exceed $6 billion, which is subject to trebling under 31 U.S.C. § 3729(a)(1). *See* **Ex A** at 14-16 (Relator's Initial Disclosures). Relator also seeks civil penalties, which are currently calculated at a rate of between $12,537 to $25,076 per violation. *See* 87 Fed. Reg. 27513.

Defendants wholly deny Relator's allegations and contend Relator is entitled to no damages or penalties. (ECF No. 57.) Defendants contend that Relator's claims will fail because they rest on several key factual inaccuracies the Court was not able to resolve at the motion to dismiss stage and legally unsupportable theories. In particular, and consistent with the decision of the U.S. Government to decline to intervene in this matter, the central premise to the alleged "scheme"—that inclusion of certain brand drugs without their generic equivalents on formulary CMS approved somehow constitutes a fraud against the U.S. government—is simply wrong, and Relator's efforts to save that theory through reliance on a patchwork of state laws will fail after a more fulsome record is developed.

The parties agree that the issues are complex and that discovery will likely be extensive. In addition to the numerous CVS entities named as Defendants, the claims in the case will involve discovery from numerous third parties. This includes at least eleven drugmakers that Relator

alleges were involved, at least in part, with the fraudulent scheme. Discovery is also expected from government entities such as the Centers for Medicare & Medicaid Services.

### B. Threshold Issues Concerning The Proper Scope And Manner Of Discovery Remain In Dispute.

On March 10, 2023, the Court partially denied Defendants' motion to dismiss, allowing three of Relator's four claims to proceed to the discovery phase. (ECF Nos. 49 and 50.) Thereafter, the parties immediately began working toward a mutually acceptable Joint Report of Rule 26(f) Meeting, protective order, and electronically stored information (ESI) protocol. (ECF Nos. 66, 70, and 71.) The parties also served initial sets of discovery requests.

The parties agree the present action will involve the collection, examination, and production of hundreds of thousands of documents, extensive data, hundreds of hours of fact depositions, and reports and testimony from a considerable number of experts. *Id*. While the parties continue to meet and confer, there will likely be numerous matters that will require judicial intervention and oversight. These include potential disputes over threshold issues related to the scope of discovery, the number of depositions, or the redaction of personal health information (PHI), the parties identified in their Joint Report of Rule 26(f) Meeting. (ECF No. 66.) Beyond these initial disputes, many of which remain outstanding, there may also be disputes over specific discovery requests, privilege, depositions, and third-party subpoenas that require judicial resolution.

Active judicial oversight from Judge Moore Wells—including informal discovery conferences—will greatly assist the parties in resolving these types of disputes in a timely, efficient, and cost-effective manner.

### C. Ongoing Oversight Of Discovery Will Be Necessary For The Parties To Adhere To The Demanding Case Schedule.

On May 23, 2023, the Court issued its Scheduling Order in the present action. (ECF 69.)

At the parties' joint request, the Court issued a demanding case schedule which requires, *inter alia*, that all fact discovery (including scores of anticipated depositions) be completed by February 23, 2024. *Id*. Due to the size and complexity of the present action, the number of threshold discovery disputes, and the likelihood that more critical stalemates will arise, it is imperative the parties be afforded an opportunity to promptly receive informal guidance and/or formal rulings throughout the nine-month period of fact discovery. Designation of Magistrate Judge Moore Wells will allow the Court to nimbly address existing and future discovery disputes (through expedited briefing, telephonic hearings, etc.), and keep the parties on track to complete fact discovery on schedule.

Dated: June 9, 2023                                     Respectfully submitted,

*/s/ W. Scott Simmer*

W. Scott Simmer (*pro hac vice*)
William G. Powers (PA Bar No. 316876)
Michael von Klemperer (*pro hac vice*)
BARON & BUDD, P.C.
The Watergate
600 New Hampshire Ave. NW,
10th Floor
Washington, DC 20037
Telephone: (202) 333-4562
Facsimile: (202) 337-1039

Joe H. Tucker, Jr., Esquire
Scott E. Diamond, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
jtucker@tlgattorneys.com
sdiamond@tlgattorneys.com

*Counsel for Relator Ellsworth Associates, LLP*

*/s/Edward B. Diskant*
Russell Hayman (*pro hac vice*)

4

        MCDERMOTT WILL & EMERY LLP
        2049 Century Park East
        Suite 3200
        Los Angeles, CA 90067
        (310) 277-4110
        Edward B. Diskant (*pro hac vice*)
        MCDERMOTT WILL & EMERY LLP
        One Vanderbilt Avenue
        New York, NY 10017
        (212) 547-5400

        Lesli C. Esposito (PA Bar No. 201906)
        Jennifer B. Routh (*pro hac vice*)
        Theodore E. Alexander (*pro hac vice*)
        Crystal Fomba (*pro hac vice*)
        MCDERMOTT WILL & EMERY LLP
        500 North Capitol Street NW
        Washington, DC 20001
        (202) 756-8000

        *Counsel for Defendants*
        *CVS Health Corporation; CVS Pharmacy,*
        *Inc.; SilverScript Insurance Company, LLC;*
        *and CVS Caremark Corporation*

**CERTIFICATE OF SERVICE**

      I certify that on June 9, 2023 this document was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

                                                          */s/ W. Scott Simmer*