IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELLSWORTH ASSOCIATES, LLP,<br><br>        Plaintiff-Relator,<br><br>  v.<br><br>CVS HEALTH CORPORATION, *et al.*,<br><br>        Defendants. | Case No.: 2:19-cv-02553-JMY |

**STIPULATION AND ORDER GOVERNING**
**SPECIAL DISCOVERY MASTER PROTOCOL**

  **AND NOW,** this _____ day of August 2023, the Court, having appointed Bruce Merenstein, Esq., as Special Discovery Master to facilitate the resolution of discovery disputes, and the Court having reviewed Mr. Merenstein's affidavit submitted pursuant to Fed. R. Civ. P. 53(b)(3)(A) and finding that there are no grounds for disqualification under 28 U.S.C. § 455 hereby enters the following Protocol which governs proceedings among the parties, subject to modification as the Court may so order:

  ***Duties of the Discovery Master.*** The Discovery Master has been appointed to oversee discovery and to resolve any discovery disputes, as set forth in this Protocol. Fed. R. Civ. P. 53(b)(2)(A). Discovery disputes are to be resolved according to the following procedures:

  1. Before any discovery dispute may be presented to the Discovery Master, the parties shall promptly meet and confer in good faith in an attempt to resolve the matter. In the event that the parties are unable to resolve the matter, the party wishing to raise the matter with the Discovery Master shall proceed by stating the substance of the dispute in a letter to the Discovery Master, copying the opposing party, of no more

than 1,000 words per discrete issue, exclusive of any caption, address, signature, and exhibits.[1] The opposing party may respond by letter to the Discovery Master, of no more than 1,000 words per discrete issue, exclusive of any caption, address, signature, and exhibits, within three (3) business days after receiving the prior letter. Replies are not permitted absent leave of the Discovery Master.

2. The Discovery Master will convene a conference call with the parties upon his receipt of both parties' letters, unless he determines that a conference call is unnecessary. The conference shall not be recorded unless both parties consent or the Discovery Master directs otherwise. The Discovery Master will then issue an informal written decision with a recommended resolution of the dispute. The parties must inform the Discovery Master within (3) three business days if they accept his informal resolution of the dispute, however the Discovery Master may extend this deadline in his discretion and upon the request of either party.

3. If either party informs the Discovery Master that they do not accept his informal resolution of the dispute, he shall file on the docket an Order and Report, pursuant to Fed. R. Civ. P. 53(d) and (e), memorializing the Discovery Master's disposition of the dispute.

*Judicial Review.* Any party may file objections on the docket to any Order and Report filed by the Discovery Master. Any such objection shall be filed within five (5) business days of the Discovery Master's filing of the Order or Report and shall be no more than 1,500 words per discrete issue. Fed. R. Civ. P. 53(f)(2). Any responsive brief shall be filed within five (5) business

---

[1] The parties must determine in good faith whether an issue is discrete. The parties may address several discrete issues in a single letter or file separate letters in their discretion.

days of the objection and shall be no more no more than 1,500 words per discrete issue. Replies are not permitted absent leave of Court. The Court shall review objections in accordance with Fed. R. Civ. P. 53(f)(3)-(5). Absent a timely objection, and unless the Court expressly directs otherwise, the filed Order and Report of the Special Master shall be deemed final and binding to the same extent as an order issued by the Court.

*Reasonable Diligence.* In performing his duties as set forth herein, the Discovery Master must proceed with all reasonable diligence. Fed. R. Civ. P. 53(b)(2).

*Ex Parte Communications.* The Discovery Master may, if he deems it appropriate, communicate *ex parte* with the Court. The Discovery Master may also communicate *ex parte* with either party only with the prior express consent of all parties. Fed. R. Civ. P. 53(b)(2)(B).

*Compensation.* The Special Master shall be compensated at an hourly rate of $800 to be billed on a monthly basis and borne evenly by the Plaintiff-Relator (50%) and Defendants (50%). Should the Special Master deem it necessary to use an associate to assist with his work, the associate will be compensated at an hourly rate of $400. Fed. R. Civ. P. 53(b)(2)(E).

Dated: August 22, 2023                    Respectfully Submitted,

*/s/ W. Scott Simmer*

W. Scott Simmer (*pro hac vice*)
William G. Powers (PA Bar No. 316876)
Michael von Klemperer (*pro hac vice*)
Noah M. Rich (*pro hac vice*)
BARON & BUDD, P.C.
The Watergate
600 New Hampshire Ave. NW,
10th Floor
Washington, DC 20037
Telephone: (202) 333-4562
Facsimile: (202) 337-1039

Joe H. Tucker, Jr., Esquire
Scott E. Diamond, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
jtucker@tlgattorneys.com
sdiamond@tlgattorneys.com

*Counsel for Relator Ellsworth Associates, LLP*

*/s/Jennifer B. Routh*
Russell Hayman (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
2049 Century Park East
Suite 3200
Los Angeles, CA 90067
(310) 277-4110
Edward B. Diskant (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 547-5400
Lesli C. Esposito (PA Bar No. 201906)
Jennifer B. Routh (*pro hac vice*)
Theodore E. Alexander (*pro hac vice*)
Crystal Fomba (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street
Washington, DC 20001

4

*Counsel for Defendants CVS Health Corporation; CVS Pharmacy, Inc.; SilverScript Insurance Company, LLC; and CVS Caremark Part D Services LLC, Caremark LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE

**CERTIFICATE OF SERVICE**

     I certify that on August 22, 2023 this document was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

*/s/ W. Scott Simmer*