# EXHIBIT 1

| | |
|---|---|
| **From:** | Bruce Merenstein |
| **To:** | Michael von Klemperer; Diskant, Ted; Routh, Jenn; Will Powers |
| **Cc:** | Scott Simmer; Kelly Wheeler; Brian Williams; Scott E. Diamond; Suominen, Katie; Javier Gonzalez; Rodriguez, Annabel; Grace Wald |
| **Subject:** | RE: US ex rel Ellsworth v. CVS - Relator"s DDL No. 1 |
| **Date:** | Wednesday, September 27, 2023 5:03:45 PM |
| **Attachments:** | image001.png |
| | 2023.09.27 Special Discovery Master Recommendation re Search Terms (00223371xB9127).PDF |

Counsel:

My recommendation for resolution of the parties' search term dispute is attached. For convenience, I have used Relator's proposal as a template for my recommendation but this does not reflect a general preference for Relator's proposal over defendants' proposal. I found merit in parts of both parties' proposals. I also commend the parties for narrowing the scope of their dispute and reaching agreement (and near agreement) on many of the search terms.

In the final column for each search in the attached recommendation, I have included a short explanation of the basis for my recommendation for that particular search. Those cursory explanations do not reflect the full consideration and analysis that I have given to each of the disputed searches, as well as to the search proposals as a whole. I carefully reviewed the hit reports and thoroughly analyzed each disputed search in light of the claims and defenses in the case, always keeping in mind Rule 26's touchstones of relevancy, proportionality, and efficiency. *See* FED. R. CIV. P. 26(b)(1), (b)(2)(C)(i).

Choosing appropriate search terms and connectors is not an exact science. As one district court recently noted, keyword searching "is not a perfect tool for distinguishing between relevant and irrelevant documents." *Kraft v. Essentia Health*, No. 3:20-cv-121, 2022 WL 16699450, at *2 (D.N.D. Feb. 25, 2022). The objective is to choose those search terms and connectors that identify as many relevant documents as possible while minimizing the number of irrelevant documents identified. *Id.* The attached recommendation reflects my best effort at achieving that objective.

Search hit reports like the ones provided by defendants are helpful in achieving this objective but only the actual searching, reviewing, and producing of documents can confirm whether searches are appropriate, too broad, or too narrow. For this reason, modification of initial searches or additional searches may be appropriate at a later stage of discovery. In addition, to the extent practicable, producing parties (for present purposes, defendants) should track actual search and review results, including not only hits but precision—*i.e.*, the proportion of search results that turn out to be relevant and responsive—as this information may be helpful in resolving any later disputes regarding additional searches or productions.

Even though some of the information in the hit reports provided by defendants reflected slightly different proposals by the parties than their final proposals, the hit reports were very helpful in making my recommendation. In some cases, I was able to make adjustments to the figures to reflect the final proposals; in other cases, this was not possible, but I still found the information helpful.

With regard to the specific disputes, in deference to the parties' greater familiarity with the discovery issues, I generally have adopted one of the parties' proposals for each discrete dispute, rather than attempting to craft some middle ground. There are a small number of exceptions, as noted in the attached recommendation. In those instances in which I am recommending that the search terms *not* include a discrete proposal that Relator made and to which defendants did not agree, the proposal is included, but struck out, in the attached recommendation, so that there is no doubt that I considered the proposal.

The final issue raised in Relator's August 24, 2023 letter was a request for a production schedule. As part of the present recommendation regarding search terms, I am recommending that defendants produce responsive documents to Relator's April 17, 2023 RFPs by December 1, 2023, with rolling productions as appropriate. This recommendation includes not only those documents identified through the searches that will result from the present recommendation, but documents identifiable without regard to any keyword searches, such as contracts, financial information, organizational charts, meeting records, etc. I am not suggesting that all such documents must be produced (that issue is not before me), but simply listing them as examples of the types of documents that typically can be located, reviewed, and produced without the need for keyword searching of custodial files.

In accordance with the Special Discovery Master Protocol (Doc. No. 93), the parties should inform me by **October 2, 2023** whether they accept this recommendation.

Thank you,



**Bruce P. Merenstein**
WELSH & RECKER, P.C.
306 Walnut Street
Philadelphia, PA 19106
bmerenstein@welshrecker.com
www.welshrecker.com
(215) 972-6430 – main
(267) 764-5494 – direct
(215) 260-8409 – cell