# EXHIBIT 5



DALLAS | BATON ROUGE | NEW ORLEANS | LOS ANGELES
SAN DIEGO | CHICO | NEW YORK | WASHINGTON, D.C.

600 New Hampshire Avenue NW
The Watergate
Suite 10-A
Washington, DC 20037
tel 202.333.4562
fax 214.523.6600

Home Office:
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219-4281
800.222.2766
tel 214.521.3605
fax 214.523.6600

February 23, 2024

**VIA EMAIL**
Bruce P. Merenstein, Esq.
Welsh & Recker, P.C.
306 Walnut Street
Philadelphia, Pennsylvania 19106
bmerenstein@welshrecker.com

Re:   *United States of America ex rel. Ellsworth Associates, LLP v. CVS Health Corp., et al.*, Plaintiff-Relator's Discovery Dispute Letter No. 8

Dear Special Discovery Master Merenstein:

Pursuant to the Stipulation and Order Governing Special Discovery Master Protocol, Plaintiff-Relator Ellsworth Associates, LLP ("Relator") respectfully presents the following discovery dispute for your immediate consideration.

I.   CVS Should Be Required to Produce Further Information about its TAR Process

The Special Master previously ruled that Plaintiff's request for greater transparency from Defendants about their TAR process was not appropriate *at that time* but that Plaintiff could reraise the issue at the conclusion of defendants' document production. *See* DDL4 Ruling. Now such a time has come.

CVS disclosed certain metrics at the conclusion of its TAR process, but those metrics raised more questions than answers. CVS, however, has refused to provide the necessary additional information. Plaintiff consulted with an expert in document production and the TAR process, Emily Small. Ms. Small concluded that: "Without more information, the metrics provided indicate that indefensible TAR processes were utilized that resulted in production deficiencies." Small Declaration at ¶ 16. As outlined by Ms. Small, there is additional information needed to determine whether Defendants' TAR protocols were done indefensibly.

CVS initially did its document review using linear human review, i.e., document reviewers manually coding every document. CVS reviewed 324,342 documents using the linear review. *See* October 23, 2023 Routh Email. CVS's counsel stated that "to date the responsiveness rate for documents being manually reviewed has been low, slightly less than 10 percent." *Id*. This indicates that out of the 324,342 documents reviewed as of October 23, 2023, approximately 32,434

February 23, 2024
Page 2

documents had been coded as responsive (~10% of 324,342 documents). Then CVS switched to a TAR 2.0 review.

On December 5, 2023, Defendant's counsel stated that "CVS's production [was] generally complete" and provided the agreed upon TAR metrics. For example, these metrics included the fact that 84 documents were quality control checked ("QC'd") as low scoring but then marked as responsive, and 26,513 documents were QC'd as part of CVS's targeted searches for high scoring but marked as not responsive. *See* December 5, 2023 Routh Email.

Ultimately, the total document collection CVS reviewed using manual review or TAR was 1,040,909 documents. *See* January 3, 2024 Routh Email. From that document collection CVS stated that 15,841 documents were "tagged responsive as a result of human review (i.e., prior to the implementation of TAR 2.0 or as a result of prioritization of documents for human review due to TAR 2.0 Active Learning)." *See* December 20, 2023 Routh Email.

When there is evidence to justify the request for further information about an opposing party's TAR process, including the production of sample sets for review, courts have granted such requests. *See e.g., Winfield v. City of N.Y.*, No. 15-cv-05236, 2017 WL 5664852, at *11 (S.D.N.Y. Nov. 27, 2017). (ordering the defendant to produce a sample of 400 non-responsive documents because of, in part, "the volume of documents collected from the custodians [and] the low responsiveness rate of documents pulled for review by the TAR software….").

Plaintiff is entitled to further information about Defendants' TAR process because of the low overall responsiveness rate, inexplicably declining responsiveness rate, and the confusing metrics provided to date.

First, the overall responsiveness rate from Defendants' review is extremely low. CVS stated that 15,841 documents were "tagged responsive as a result of human review (i.e., prior to the implementation of TAR 2.0 or as a result of prioritization of documents for human review due to TAR 2.0 Active Learning)." *See* December 20, 2023 Routh Email. That means that only approximately 1.5% of the documents reviewed by CVS as part of their human review or TAR review were marked responsive.[1] Such a low responsiveness rate calls the review process into question.

Second, "[t]he metrics provided by Defendant are inconsistent and demonstrate an extreme discrepancy between the responsive documents Defendant initially represented locating and those ultimately designated responsive (and produced)." Small Declaration at ¶ 13. CVS originally indicated that the responsiveness rate using linear review was slightly less than 10%. Yet now, as

---

[1] The discrepancy between the 15,841 documents marked as responsive and the production of a total of 50,665 documents seems to be explainable largely via the production of the full families of the 15,841 responsive documents. That is to say, if one email is marked responsive the actual production of the full family could swell to many more documents because it would include the entire email family such as attachments. Nevertheless, even if all 50,665 documents produced by CVS as of January 10, 2024 were produced as a result of the linear review or TAR, the overall responsiveness rate would be still be only 4.86%.

February 23, 2024
Page 3

shown above, the overall responsiveness rate is under 2%. CVS has not explained the drop in responsiveness.

Even the responsiveness of the linear review seems to have changed without explanation. Originally, CVS indicated that the linear review yielded about a 10% responsiveness rate, meaning that for the 324,342 linearly reviewed documents, 32,434 would have been marked responsive. But now CVS says the *total* of responsive documents from the linear review and the TAR process is only 15,841. Thus, the total responsive documents collection is less than half the count they previously indicated were located (32,434 documents) by the linear review alone.

Third, the metrics provided by CVS raise further questions. For example, it appears that the human reviewers downgraded from responsive to nonresponsive huge numbers of documents the TAR algorithm thought would be responsive (over 26,000). This is confusing especially when compared to the numbers of documents that the human reviewers coded from nonresponsive to responsive (only 84 documents). Another example is that CVS says that it randomly sampled 3,213 documents as part of its QC process. But, as noted above, it also says that over 26,000 documents were QC'd as part of CVS's targeted searches. CVS has not explained these discrepancies.

The information requested poses little to no burden to Defendants as most, if not all, of the information is generated anyway by a properly run TAR process. The information also does not require the disclose of any propriety methods, work product, or privileged information. As such, Plaintiff requests that Defendants provide the information requested in Ms. Small's declaration at Paragraph 16(a)-(j) in order to determine the validity of the TAR review completed by Defendants.

Respectfully submitted,

W. Scott Simmer (pro hac vice)
William G. Powers (PA Bar No. 316876)
BARON & BUDD, P.C.
The Watergate
600 New Hampshire Ave. NW, 10th Floor
Washington, DC 20037
Telephone: (202) 333-4562
Facsimile: (202) 337-1039

Daniel Alberstone (pro hac vice)
Evan Zucker (pro hac vice)
Peter Klausner (pro hac vice)
Elizabeth Smiley (pro hac vice)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2333

February 23, 2024
Page 4

        Facsimile: (214) 520-1181

        Joe H. Tucker, Jr., Esquire
        Scott E. Diamond, Esquire
        Ten Penn Center
        1801 Market Street, Suite 2500
        Philadelphia, PA 19103
        Telephone: (215) 875-0609
        jtucker@tlgattorneys.com
        sdiamond@tlgattorneys.com

        Counsel for Relator Ellsworth Associates, LLP