IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELLSWORTH ASSOCIATES, LLP,<br><br>Plaintiff-Relator,<br><br>v.<br><br>CVS HEALTH CORPORATION, *et al.*,<br><br>Defendants. | Case No.: 2:19-cv-02553-JMY |

**DEFENDANTS' RESPONSE TO RELATOR'S MOTION TO STRIKE DEFENDANTS' BRIEF IN RESPONSE TO SPECIAL MASTER'S REPORT AND RECOMMENDATION**

Relator's Motion to Strike burdens this Court with a minor dispute that Relator intentionally chose not to resolve prior to the parties' filings last week. Because Defendants followed past practice in this litigation and the Court's individual rules in submitting a brief of 10 pages, and because Relator has intentionally chosen to attempt to sandbag Defendants rather than make a good-faith effort to reach resolution, its Motion should be denied. In the alternative, at the Court's direction, Defendant's will refile a brief of 1,500 words or less.

**DISCUSSION**

It is "well settled" that granting a motion to strike is an extraordinary remedy, reserved for circumstances where there has been a "*flagrant disregard of the Rules of Court*," or where "the court would be prejudiced or misled by the inclusion in the brief of the improper material." *Manville Sales Corp. v. Paramount Sys., Inc.*, No. CIV.A. 86-4157, 1988 WL 54060, at *3 (E.D. Pa. May 23, 1988) (unreported) (emphasis in original); *see also Bryan v. United States*, No. CIV. 2010-66, 2012 WL 5258965, at *4 (D.V.I. Oct. 24, 2012). Courts are particularly inclined to deny motions to strike that seek to avoid "adjudication on the merits through the exploitation of a

technicality." *Hardin v. Belmont Textile Mach. Co.*, No. 3:05-CV-492-M, 2010 WL 2293406, at *3-4 (W.D.N.C. June 7, 2010) (denying motion to strike despite non-movant's violation of local rules on page limits); *Carrasco v. New Mexico Dep't of Workforce Sols.*, No. 10-0999 MCA/SMV, 2013 WL 12092509, at *7-8 (D.N.M. Mar. 19, 2013) (same).

As Relator notes, prior to the filing deadline, Defendants reached out by email to see if the parties could reach agreement on the page limit applicable to the parties' filing. (Dkt. 137-1 at 3.) While Relator is correct that the Special Master Protocol calls for filings of 1,500 words per "discrete issue," (Dkt. 93), this Court's individual practices permit 10 pages for discovery motions and related filings, *see* J. Younge Civil Cases Rule B(2). Consistent with that individual rule – and the difficulty of determining how many "discrete issue[s]" the Special Master's 15-page report and recommendation raised – the parties previously agreed and sought this Court's approval to file 10-page submissions on the only prior occasion that a Special Master's report and recommendation was raised to this Court. (Dkt. 116.)

The procedure that Defendants followed here mirrors that approach. Notably, Defendants notified Relator of their intention to submit 10 pages in advance of filing. (Dkt. 137-1 at 3.) And yet rather than object to that plan – or even afford Defendants the courtesy of a response – Relator remained silent, allowed Defendants to file, and only then chose to engage on the issue, not by meeting and conferring (as of course would typically expected before commencing motion practice, *see* J. Younge Civil Cases Rule B(2)) but instead by burdening the court with a needless motion to strike. Relator had every opportunity to discuss this issue – and almost certainly reach agreement with Defendants on it – prior to the filing deadline. Having intentionally chosen not to do so, Relator's Motion to Strike should be denied.

## CONCLUSION

For the aforementioned reasons, this Court should deny Relator's Motion to Strike Defendants' Brief in Response to Special Master's Report and Recommendation, or in the alternative, allow Defendants to re-file a submission of 1,500 words or less.

Dated: December 9, 2024

/s/ Edward B. Diskant
Edward B. Diskant (*pro hac vice*)
Jessica Greer Griffith (PA Bar No. 332932)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
(212) 547 5400

Jennifer B. Routh (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000

*Counsel for Defendants
CVS Health Corporation; SilverScript
Insurance Company; Caremark, L.L.C.; CVS
Pharmacy, Inc.; and CVS Caremark Part D
Services, L.L.C.*

## CERTIFICATE OF SERVICE

I certify that on December 9, 2024, this document was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

/s/ *Edward B. Diskant*