IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELLSWORTH ASSOCIATES, LLP,<br><br>                    Plaintiff-Relator,<br><br>       v.<br><br>CVS HEALTH CORPORATION, *et al.*,<br><br>                    Defendants. | Case No.: 2:19-cv-02553-JMY |

**RELATOR'S MOTION TO EXTEND THE FACT DISCOVERY DEADLINE
IN THE COURT'S NOVEMBER 22, 2024 SCHEDULING ORDER**

Relator Ellsworth Associates, LLP ("Relator") moves the Court for an order modifying the Court's November 22, 2024 Scheduling Order (ECF 132). Relator seeks a limited three-week extension of only the fact discovery deadline, to March 14, 2025, to complete depositions and resolve ongoing discovery disputes. Relator has established good cause under Federal Rule of Civil Procedure 16(b)(4) warranting this minor extension of the fact discovery deadline because Relator has continued to diligently work towards the completion of discovery.

Recognizing that additional time would be needed to work through extensive discovery disputes, particularly concerning the noticed depositions under Federal Rule of Civil Procedure 30(b)(6), the parties jointly submitted a stipulation on November 21, 2024, requesting the Court to amend the schedule to set a February 21, 2025 fact discovery cutoff and accordingly adjust other pre-trial deadlines. The next day, this Court approved the stipulation and entered an amended Scheduling Order (ECF 132).

Since the Court's November 22, 2024 Order modifying the case management schedule, Relator has continued to diligently engage in further efforts to complete discovery, including, but

1

not limited to: a) noticing and taking additional fact depositions of CVS employees; and b) serving multiple additional sets of discovery requests on Defendants.

Moving the fact discovery deadline by three weeks will be necessary to allow sufficient time to resolve any remaining disputes and bring fact discovery to completion. For instance, the parties have agreed to hold two of the Rule 30(b)(6) depositions *after* the current fact discovery deadline. Defendants nevertheless refused to join in this request to move the fact discovery deadline to account for the parties' agreement on the deposition dates. Relator thus seeks to move the deadline, in part, to provide an opportunity to raise with the Special Master any disputes that might arise during these two depositions.

Moreover, just last Friday, Defendants served amended initial disclosures in which they identified two new witnesses who apparently possess discoverable information that Defendants may use to support their defenses. This belated disclosure comes only after the parties' agreed-upon deadline to serve discovery requests and just two weeks before fact discovery is currently set to close. Worse, one of the two witnesses only now identified by Defendants has been the apparent CVS Pharmacy 30(b)(6) designee for months. Relator asked for these individuals' custodial files, so that it may evaluate whether to depose either or both of these individuals, but Defendants have yet to agree to this reasonable request. Relator has begun the meet and confer process concerning this issue, though it is certainly possible that Relator will need to seek relief from the Special Master or the Court if the parties are unable to reach an agreement.

Additionally, Relator has continued to meet and confer with Defendants concerning the respective Rule 30(b)(6) depositions noticed by the parties. Although the parties were able to reach agreements on a number of the noticed topics, disputes remained which necessitated the filing of multiple discovery dispute letters with the Special Master. The Special Master has issued

recommendations as to some of those disputes, though others are presently before the Special Master. Most notably, two days ago Relator submitted a discovery dispute letter concerning Caremark LLC's 30(b)(6) notice of Ellsworth Associates. In its letter, Relator seeks a protective order because the noticed topics inappropriately (1) call for legal analysis or theories; (2) call for a fact witness's personal knowledge; and/or (3) are unnecessarily duplicative and cumulative.

The meet and confer process concerning the parties' respective responses to requests for admission seems on the verge of beginning—Relator can only represent that this process is *potentially* about to begin because Defendants chose to disregard the meet and confer requirement in the Special Master protocol (ECF 93) and instead submitted a discovery dispute letter. Relator has requested a meet and confer to discuss deficiencies with Defendants' responses, and discussion concerning Defendants' perceived problems with Relator's responses could logically take place simultaneously. At the time of filing, Defendants have not confirmed a willingness to meet and confer. Resolving any ripened disputes will likely require additional time beyond the current fact discovery deadline.

Notably, no trial date has been set. Nor does Relator seek to move any schedule deadlines except for fact discovery cutoff. Therefore, Defendants are not prejudiced by the requested extension.

Having demonstrated good cause for extending the fact discovery cutoff, Relator proposes modifying the November 22, 2024 Scheduling Order as follows:

| Item | November 22, 2024 Scheduling Order Deadlines | Relator's Proposed Modified Schedule |
|---|---|---|
| Deadline to issue any new written discovery requests (*i.e.*, Interrogatories, RFAs, and RFPs) | Monday, December 23, 2024 | Monday, December 23, 2024 |
| Fact Discovery Cutoff | Friday, February 21, 2025 | Friday, March 14, 2025 |

| Item | November 22, 2024 Scheduling Order Deadlines | Relator's Proposed Modified Schedule |
|---|---|---|
| Expert Report Production | Friday, April 11, 2025 | Friday, April 11, 2025 |
| Rebuttal Expert Report Production | Thursday, May 15, 2025 | Thursday, May 15, 2025 |
| Expert Discovery Cutoff | Friday, June 27, 2025 | Friday, June 27, 2025 |
| Motion for Summary Judgment and *Daubert* Motion – Deadline to File | Friday, September 5, 2025 | Friday, September 5, 2025 |
| Opposition to Summary Judgement and *Daubert* Motion – Deadline to File | Monday, October 6, 2025 | Monday, October 6, 2025 |
| Final Pretrial Conference | Tuesday, January 6, 2026 | Tuesday, January 6, 2026 |

Dated: February 12, 2025

*/s/ William G. Powers*
William G. Powers (PA Bar No. 316876)
W. Scott Simmer (*pro hac vice*)
Kenneth D. Capesius (*pro hac vice*)
BARON & BUDD, P.C.
The Watergate
2600 Virginia Ave. NW, Suite 201
Washington, DC 20037
Telephone: (202) 333-4562
Facsimile: (202) 337-1039

Daniel Alberstone (*pro hac vice*)
Evan Zucker (*pro hac vice*)
Peter Klausner (*pro hac vice*)
Elizabeth Smiley (*pro hac vice*)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698

Joe H. Tucker, Jr., Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
jtucker@tlgattorneys.com

*Counsel for Relator Ellsworth Associates, LLP*

4

**CERTIFICATE OF SERVICE**

I certify that on February 12, 2025 this document was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

*/s/ William G. Powers*
