**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel*. ELLSWORTH ASSOCIATES, LLP,<br><br>                    Plaintiff-Relator,<br><br>        v.<br><br>CVS HEALTH CORPORATION, *et al*.,<br><br>                    Defendants. | Case No.: 2:19-cv-02553-JMY |

**BRIEF IN SUPPORT OF  RELATOR'S RULE 37(c)(1) MOTION TO EXCLUDE
DEFENDANTS' UNDISCLOSED WITNESSES**

William G. Powers (PA Bar No. 316876)
W. Scott Simmer (*pro hac vice*)
Kenneth D. Capesius (*pro hac vice*)
Marco Palmieri (*pro hac vice*)
BARON & BUDD, P.C.
2600 Virginia Avenue NW, Ste. 900
Washington, DC 20037
Telephone: (202) 333-4562
Facsimile: (214) 279-9915

Daniel Alberstone (*pro hac vice*)
Evan Michael Zucker (*pro hac vice*)
Elizabeth G. Smiley (*pro hac vice*)
Peter B. Klausner (*pro hac vice*)
BARON & BUDD, P.C.
15910 Ventura Blvd., Ste. 1600
Encino, CA 91436
Telephone: (818) 839-2333
Fax: (818) 986-9698

Joe H. Tucker, Jr., Esquire
Tucker Law Group
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

*Counsel for Relator Ellsworth Associates, LLP*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

LEGAL STANDARD .................................................................................................. 1

FACTUAL BACKGROUND ....................................................................................... 3

ARGUMENT .............................................................................................................. 5

I.  Defendants Violated Federal Rule 26(a) and (e) ................................................. 5

    A.  Defendants' Reservation-of-Rights Language Does Not Satisfy Rule 26. ..................... 6

    B.  The Three Witnesses Had Not "Otherwise Been Made Known" During Discovery ..... 8

II.  Rule 37 Sanctions Are Appropriate Because Defendants Cannot Establish Substantial Justification or Lack of Harm ........................................................................... 10

    A.  No Substantial Justification ................................................................................. 10

    B.  Defendants' Failure to Identify the Witnesses Is Not Harmless ................................. 11

III.  Rule 37's Presumptive Sanction of Exclusion is Warranted Here. ..................... 12

    A.  Prejudice or Suprise to Relator ........................................................................... 12

    B.  Relator's Ability to Cure the Prejudice ................................................................. 13

    C.  Extent to Which the Evidence Would Disrupt Trial ................................................ 13

    D.  Defendants' Bad Faith ....................................................................................... 14

    E.  Importance of the Excluded Evidence ................................................................... 16

CONCLUSION .......................................................................................................... 17

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aetna Inc. v. Mednax, Inc.*,
Civ. No. 18-2217, 2021 WL 949454 (E.D. Pa. Mar. 12, 2021).........................................14, 15

*Alvarado v. City of Philadelphia*,
786 F. Supp. 3d 881 (E.D. Pa. 2025) ......................................................................................6

*Burdyn v. Old Forge Borough*,
330 F.R.D. 399 (M.D. Pa. 2019)..............................................................................................2

*Constellation NewEnergy, Inc. v. Powerweb, Inc.*,
Civ. No. 02-2733, 2004 WL 6031004 (E.D. Pa. 2004) ..........................................................12

*Diamond Resorts Int'l, Inc. v. Aaronson*,
No. 6:17-cv-1394, 2019 WL 1974833 (M.D. Fla. Mar. 13, 2019) ...........................................8

*Eli Lilly and Co. v. Actavis Elizabeth LLC*,
No. 07-3770, 2010 WL 1849913 (D.N.J. May 7, 2010)9

*Etheridge v. E.I. DuPont De Nemours & Co., Inc.*,
No. 14-cv-2443, 2015 WL 12516227 (W.D. Tenn. Oct. 14, 2015).........................................16

*Flores v. Pennsylvania State Police*,
Civ. No. 18-0137, 2019 WL 251948 (E.D. Pa. Jan. 17, 2019) ...............................................12

*Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*,
468 F. Supp. 3d 969 (M.D. Tenn. 2020)........................................................................ *passim*

*Grider v. Keystone Health Plan Cent., Inc.*,
580 F.3d 119 (3d Cir. 2009)..............................................................................................10, 11

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*,
No. 95-C-0673, 1996 WL 680243 (N.D. Ill. Nov. 21, 1996) ..................................................11

*Holley v. Port Authority of N.Y.*,
Civ. No. 14-7534, 2018 WL 11413338 (D.N.J May 3, 2018) ...............................................7, 8

*Jama v. City and County of Denver*,
304 F.R.D. 289 (D. Colo. 2014) ..............................................................................................7

*Kacian v. Brennan*,
No. 3:12-cv-102, 2017 WL 933142 (W.D. Pa. Mar. 8, 2017)................................................17

*Keiser v. Borough of Carlisle*,
  Civ. No. 1:15-cv-450, 2017 WL 4053695 (M.D. Pa. Sept. 13, 2017)......................................10

*Konstantopoulos v. Westvaco Corp.*,
  112 F.3d 710 (3d Cir. 1997)...............................................................................................14

*LabMD Inc. v. Boback*,
  47 F.4th 164 (3d Cir. 2022) .........................................................................................3, 12

*Malone v. United Parcel Serv., Inc.*,
  No. 2:21-CV-03643-JDW, 2025 WL 3900805 (E.D. Pa. Oct. 16, 2025)...........................2, 11

*McCowan v. City of Philadelphia*,
  603 F. Supp. 3d 171 (E.D. Pa. 2022) ...............................................................................7, 8

*Meyers v. Pennypack Woods Home Ownership Ass'n*,
  559 F.2d 894 (3d Cir. 1977)......................................................................................3, 12, 17

*Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*,
  60 F.3d 153 (3d Cir. 1995)..................................................................................................3

*Pac-West Distributing NV LLC v. AFAB Indus. Srvs., Inc.*,
  Civ. No. 19-3584, 2023 WL 3952347 (E.D. Pa. June 12, 2023) ..........................................6, 9

*Poitra v. Sch. Dist. No. 1 in the Cnty. of Denver*,
  311 F.R.D. 659 (D. Colo. 2015) ................................................................................. *passim*

*Tolerico v. Home Depot*,
  205 F.R.D. 169 (M.D. Pa. 2002).......................................................................................2, 10

*Ty, Inc. v Publications, Int'l, Inc.*,
  No. 99-5565, 2004 WL 421984 (N.D. Ill. Feb. 17, 2004) ......................................................9

*Wachtel v. Guardian Life Ins. Co.*,
  239 F.R.D. 376 (D.N.J. 2006)..............................................................................................7

**Rules**

Fed. R. Civ. P. 26.................................................................................................... *passim*

Fed. R. Civ. P. 37.................................................................................................... *passim*

**INTRODUCTION**

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, Relator respectfully moves to exclude Dr. Martin Catero, Ms. Kara Kreisher (née Smith), and Mr. Andrew Zanin from testifying at trial because Defendants failed to identify these witnesses under Rule 26. Instead, Defendants waited until more than one year after fact discovery closed, approximately three months after summary judgment briefing was completed, and only seven months before trial begins, to identify these witnesses, resulting in unfair surprise and prejudice to Relator.

Defendants cannot show that their Rule 26 violation should be excused because it was substantially justified or harmless. Indeed, unless these witnesses' testimony is excluded, Relator will be unduly prejudiced because Relator is now foreclosed from conducting any discovery related to these witnesses or the subjects of their testimony. No lesser sanction suffices, particularly given Defendants' prior untimely disclosure of two other witnesses and their efforts to prevent discovery that might have revealed the relevance of these three witnesses to their defense. Moreover, given that Defendants themselves did not consider these witnesses sufficiently important to disclose during discovery, this Court should not conclude that their testimony is so important that it cannot be excluded.

**LEGAL STANDARD**

Rule 26(a) requires each party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). And Rule 26(e) imposes on each party a continuing obligation to "supplement or correct" those disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is

1

incomplete or incorrect," unless the additional or corrective information has "otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). In short, Rule 26 creates a continuing and self-executing duty to identify any potential witnesses and the relevant subjects of their knowledge. Fed. R. Civ. P. 26(a)(1)(A)(i); *see also Poitra v. Sch. Dist. No. 1 in the Cnty. of Denver*, 311 F.R.D. 659, 666 (D. Colo. 2015).

"The purpose of Rule 26(a) disclosures is to prevent sandbagging by putting a party on notice of the witnesses that its opponent expects to use to support its claims or defenses." *Malone v. United Parcel Serv., Inc.*, No. 2:21-CV-03643-JDW, 2025 WL 3900805, at *2 (E.D. Pa. Oct. 16, 2025); *Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*, 468 F. Supp. 3d 969, 973 (M.D. Tenn. 2020) ("the purpose of the witness identification requirement of Rule 26(a) is to alert an opposing party of the need to take discovery of the named witness") (internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(a), Advisory Committee Notes to 1993 Amendments  (Rule 26 "puts in place a series of disclosure obligations that" are designed "to help focus the discovery that is needed, and facilitate preparation for trial or settlement"); *Burdyn v. Old Forge Borough*, 330 F.R.D. 399, 410 (M.D. Pa. 2019) ("It is clear that Rule 26 was designed, in part, to eliminate the element of 'surprise' in civil litigation.").

Rule 37(c)(1) provides an automatic sanction for Rule 26 violations: when a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002). Rule 37's sanction of excluding evidence "is designed to provide a strong inducement for disclosure of Rule 26(a)

2

material." *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995).

In determining whether Rule 37(c)(1)'s presumptive remedy of excluding evidence is appropriate, as opposed to alternative sanctions, courts consider five factors, often referred to as "the *Pennypack* factors": "(1) the prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence." *LabMD Inc. v. Boback*, 47 F.4th 164, 189 (3d Cir. 2022) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)).

## FACTUAL BACKGROUND

On April 14, 2023, Defendants served their Initial Disclosures, which listed only seven individuals who were "likely to have discoverable information that Defendants may use to support their defenses." *See* Ex. A at 1-3. Dr. Martin Catero, Kara Kreisher (née Smith), and Andrew Zanin were not included on that list. *Id.* at 2-3.

In contrast, Relator's initial disclosures, served the same day, identified almost 100 individuals likely to have discoverable information supporting Relator's claims. *See* Ex. B at 2-13. Relator included Dr. Catero, Ms. Kreisher, and Mr. Zanin, three CVS employees, among those individuals because Relator suspected that they might have relevant information, based upon their titles and/or positions at CVS. *Id.* Given Relator's lack of first-hand information or any discovery about those witnesses, however, Relator's description of their discoverable information was very general. *See id*.

3

Because Defendants identified very few potential witnesses, on November 16, 2023, Relator asked Defendants to review their initial disclosures and "supplement them to the extent they are incomplete or inaccurate." *See* Ex. C at 1.  Having received no response, on November 30, 2023, Relator again reminded Defendants of their obligation to supplement. *See* Ex. D at 1. Five days later, still having received no response, Relator informed Defendants that Relator "will assume at this time that you do not have any reason to supplement your initial disclosures as required under Rule 26, specifically with respect to witnesses." *See* Ex. E at 1. The same day, Defendants confirmed that they were not supplementing their initial disclosures. *Id.*

More than one year later, and only two weeks before the end of fact discovery, Defendants served their first and only supplemental initial disclosures on February 7, 2025. *See* Ex. F. Defendants' supplemental disclosures named two additional witnesses, Brian Salvas and Thomas Moffat, and stated that Defendants "reserve the right to rely upon the testimony of any witnesses listed by Relator in its Rule 26(a)(1) disclosures."  *Id.* at 2.

Relator objected to the late disclosure of Mr. Salvas and Mr. Moffat, and the Special Master granted additional time to depose both. *See* Ex. G; Ex. H.[1] The Special Master explained that "Defendants' disclosure of two individuals on whose testimony defendants may rely just two weeks before the close of fact discovery is not significantly different from failing to disclose such witnesses and then seeking to rely on their testimony," which would warrant sanctions under Rule 37(c)(1) as a Rule 26 violation.  *See* Ex. H at 2.

Fact discovery closed on February 21, 2025. Over a year later, on April 16, 2026,

---

[1] Relator's Objection to the Special Master's Recommendation on the Motion to Extend the Fact Discovery Deadline comprehensively summarizes Defendants' failure to identify Brian Salvas and Thomas Moffatt. *See* Ex. G. While the late disclosure of those two witnesses is not the subject of this motion, it is evidence of Defendants' pattern of misconduct in the initial discovery process.

Defendants filed their pretrial witness list which identified for the first time Dr. Catero, Ms. Kreisher, and Mr. Zanin. *See* Ex. I at 10-13. At no time prior did Defendants identify these three individuals as potential witnesses. *See* Appx. A. Defendants' witness list described the subjects of the witnesses' testimony as follows:

- Dr. Catero: "clinical decision-making processes, application of CMS standards for formulary exceptions, [] his involvement in CMS audits and related inquiries[,] . . . [and] clinical considerations relevant to Hepatitis C treatments including comparisons between brand and authorized generic drugs."

- Ms. Kreisher: "over[seeing] Medicare Part D Coverage Determinations, Organizational Determinations, & Appeals ('CD&A')[,] . . . ensuring compliance with CMS requirements, supporting audits, and developing denial language for formulary exception requests, including those related to Hepatitis C drugs."

- Mr. Zanin: "negotiating rebate and pricing agreements with pharmaceutical manufacturers, including structure, terms, and economic impact of those agreements."

Ex. I at 11-13.

Upon receipt of Defendants' pretrial witness list, Relator asked Defendants to disclose when they discovered that Dr. Catero and Ms. Kreisher had information relevant to their defenses. Defendants refused to answer. *See* Ex. J.

## ARGUMENT

### I.    Defendants Violated Federal Rule 26(a) and (e)

Defendants' inclusion of Dr. Catero, Ms. Kreisher, and Mr. Zanin on their pretrial witness list, filed long after discovery closed and without ever having identified those witnesses in their

initial or supplemental disclosures, demonstrates that Defendants violated Rule 26. *See, e.g., Alvarado v. City of Philadelphia*, 786 F. Supp. 3d 881, 899 (E.D. Pa. 2025) (failure to identify witness in initial or supplemental disclosures violated Rule 26); *Pac-West Distributing NV LLC v. AFAB Indus. Srvs., Inc.*, Civ. No. 19-3584, 2023 WL 3952347, at *3 (E.D. Pa. June 12, 2023) (disclosure of two witnesses only after the close of discovery violated Rule 26). Indeed, as the Special Master previewed for Defendants when they failed to disclose two *other* witnesses until right before the close of discovery, the failure to identify in initial or supplemental disclosures witnesses on which Defendants intend to rely violates Rule 26, warranting Rule 37(c)(1) sanctions. *See* Ex. H at 2. Yet, despite that warning, Defendants did not supplement their initial disclosures to identify the three witnesses at issue here, instead waiting over a year after the close of fact discovery to inform Relator that they intended to call Dr. Catero, Ms. Kreisher, and Mr. Zanin as trial witnesses. Defendants thereby violated Rule 26.

As explained below, Defendants cannot show that their reservation-of-rights language satisfied Rule 26 or that they were excused from their Rule 26 obligation because it was "otherwise made known" to Relator that Defendants would rely on these witnesses.

### A.      Defendants' Reservation-of-Rights Language Does Not Satisfy Rule 26.

Although Defendants' disclosures expressly "reserve[d] the right to rely upon the testimony of any witnesses listed by Relator in its Rule 26(a)(1) disclosures," Exs. A, F, which included the three witnesses at issue, that reservation-of-rights language does not fulfill Defendants' Rule 26 obligation for at least two reasons.

First, courts in this Circuit have held that anything short of identifying a potential witness *by name* does not satisfy Rule 26. *See Alvarado*, 786 F. Supp. 3d at 899 (rejecting "[v]ague or placeholder references to witnesses," such as "a Philadelphia Police Department designee," as "insufficient" to satisfy Rule 26 because they "do not give the opposing party a fair opportunity to

prepare for those witnesses' testimony at trial"); *Wachtel v. Guardian Life Ins. Co.*, 239 F.R.D. 376, 388 n.8 (D.N.J. 2006) (rejecting a "boilerplate reference" to "all persons named in any document produced by any party" as insufficient to satisfy Rule 26). Defendants' reservation-of-rights language, therefore, is patently insufficient to satisfy Rule 26.

Indeed, a contrary interpretation of Rule 26 would "ha[ve] the potential to convert the Rule 26(e) supplementation requirement into a 'whack-a-mole' game." *Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*, 468 F. Supp. 3d 969, 972 (M.D. Tenn. 2020) (quoting *Poitra*, 311 F.R.D. at 667). That is exactly the case here. Defendants' cross-reference to Relator's initial disclosures left Relator to guess which, if any, of the approximate 100 individuals Relator identified, Defendants might call as a witness. This guessing game was particularly difficult here because Defendants did identify *some* specific individuals, just not the ones they now intend to rely on at trial, thereby leading Relator to focus on the wrong witnesses.

Second, each party has a separate and independent obligation under Rule 26 to identify witnesses relevant to *its* claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i), 26(e). Relator's disclosures identify only the individuals on whom *Relator* intends to rely, not the individuals on whom *Defendants* intend to rely. Defendants, therefore, cannot point to *Relator's* Rule 26 disclosures to satisfy *their* Rule 26 burden.[2] *See, e.g.*, *Jama v. City and County of Denver*, 304

---

[2] Neither *Holley v. Port Authority of N.Y.*, Civ. No. 14-7534, 2018 WL 11413338 (D.N.J May 3, 2018), nor *McCowan v. City of Philadelphia*, 603 F. Supp. 3d 171 (E.D. Pa. 2022), suggests otherwise. In *Holley*, "Plaintiff d[id] not dispute her lack of compliance with" Rule 26. 2018 WL 11413338 at *3. Instead, the issue was whether certain of plaintiff's witnesses had "otherwise been made known" to defendants. *Id.* The court concluded that because most of plaintiff's witnesses had been named by defendants in their Rule 26 disclosures *or* in their pretrial witness list, plaintiff's failure to identify such individuals did not "surprise" defendants and was harmless error. *Id.* The court did *not* hold that defendants' Rule 26 disclosures of certain witnesses relieved plaintiff of her Rule 26 obligation to identify those witnesses if she intended to rely on them. Moreover, to the extent the witnesses were included on defendants' pretrial witness list, defendants

F.R.D. 289, 297 (D. Colo. 2014) ("[B]ecause the purpose of the disclosure under Rule 26(a) was to inform [defendant] of which individuals the Plaintiffs believed had pertinent information, . . . [defendant's] identification of individuals in response to discovery requests did not relieve Plaintiffs of the obligation of disclosing the individuals they thought had useful information.").

In short, Defendants' reservation-of-rights language was not sufficient to satisfy their Rule 26 obligation.

**B.   The Three Witnesses Had Not "Otherwise Been Made Known" During Discovery**

Although there is an exception to a party's Rule 26 duty to supplement where the information has already "otherwise been made known to the other parties during the discovery process or in writing," Fed. R. Civ. P. 26(e)(1)(A), that exception does not apply here.

The "otherwise been made known" exception relieves a party of its Rule 26 duty to supplement or correct its initial disclosures to identify all potential witnesses only if discovery "*make[s] clear* not only that the witness existed and had information, but also that *the party intended to use that witness to support its claims or defenses*." *Glob. Force Ent.*, 468 F. Supp. 3d at 972–73 (quoting *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394, 2019 WL 1974833, at *2 (M.D. Fla. Mar. 13, 2019)); *Poitra*, 311 F.R.D. at 666 ("knowledge of the existence of a person is distinctly different from knowledge that the person will be relied upon as a fact witness"). For a discovery disclosure "to obviate the need for formal disclosure, this information must be

---

would necessarily be prepared for those witnesses such that there could be no harm by plaintiff's failure to disclose that she intended to call those same witnesses. But that circumstance is distinguishable from this case, where Relator does not intend to call Dr. Catero, Ms. Kreisher, or Mr. Zanin to testify and is therefore not otherwise prepared to question them at trial.

Similarly, *McCowan* likewise addressed whether, despite defendant's failure to identify certain witnesses in its initial disclosures, those witnesses were otherwise "made known" to plaintiff. 603 F. Supp. 3d at 186. Relying in part on *Holley*, the court concluded that even if defendant violated Rule 26, the Rule 37(c)(1) factors counseled against exclusion. *Id.* at 187.

'clear and unambiguous,' and not merely the 'mention of an individual's identity.'" *Pac-West*, 2023 WL 3952347, at \*2 (quoting *Eli Lilly and Co. v. Actavis Elizabeth LLC*, No. 07-3770, 2010 WL 1849913, \*4 (D.N.J. May 7, 2010)). In other words, "it must be quite clear to the other side that the witness exists, has relevant knowledge, *and* may be called at trial." *Pac-West*, 2023 WL 3952347, at \*2 (emphasis added). "Alleged 'disclosures' during discovery that are not facially apparent and require the drawing of further 'inferences' are insufficient to meet the requirements of Rule 26." *Eli Lilly*, 2010 WL 1849913 at \*4.

Here, it was neither "clear" nor "unambiguous" from discovery that Defendants would rely on Dr. Catero, Ms. Kreisher, or Mr. Zanin at trial. Despite a general awareness of the existence of the three witnesses, as exhibited by Relator's initial disclosures, nothing in the discovery process put Relator on notice that Defendants intended to rely on them at trial. Although all three witnesses' names appeared in the almost one million pages of documents produced during discovery, so did the names of over 2,000 other individuals. That fact alone, therefore, was insufficient to put Relator on notice and relieve Defendants of their obligation to identify these individuals as potential witnesses. *See Ty, Inc. v Publications, Int'l, Inc.*, No. 99-5565, 2004 WL 421984, at \*4 (N.D. Ill. Feb. 17, 2004) ("[M]erely because the names of these witnesses appeared, among hundreds of other names, somewhere in the thousands of pages of documents produced . . . does not mean that [the plaintiff] should have anticipated that [the defendant] would call these individuals as trial witnesses and depose them accordingly."); *Glob. Force Ent.*, 468 F. Supp. 3d at 973 (no party is required "to undertake the time and expense necessary to depose the universe of individuals who were named . . . in documents"); *Poitra*, 311 F.R.D. at 667 (rejecting the notion that "the mere mention of an individual's name during a deposition discharges a party's disclosure and supplementation obligations"). Nor did Defendants provide any other indication that they

would rely on these witnesses, such as by using them educate Defendants' 30(b)(6) witnesses, having their experts rely upon them, or by offering declarations or other statements of these witnesses' knowledge.

In fact, the discovery process here suggested to Relator that Defendants would *not* rely on Dr. Catero, Ms. Kreisher, or Mr. Zanin, but on other witnesses. Relator specifically and repeatedly reminded Defendants that their initial disclosures identified only a handful of potential fact witnesses, and that Relator would rely on that list, absent supplementation. *See* Exs. C-E. Yet Defendants supplemented those disclosures only once, right before the close of fact discovery, to add two new witnesses, but not the three witnesses at issue here.  *See* Ex. F at 2-3. Particularly since those supplemental disclosures were filed right before the close of discovery, Relator had every reason to believe that, at that point, Defendants had identified all potential witnesses, consistent with their Rule 26 obligations. The course of discovery, therefore, did not "make known" to Relator that Defendants would rely on Dr. Catero, Ms. Kreisher, or Mr. Zanin.

## II.      Rule 37 Sanctions Are Appropriate Because Defendants Cannot Establish Substantial Justification or Lack of Harm

Sanctions for Rule 26 violations are mandatory under Rule 37(c)(1) unless Defendants show that their "failure [to disclose] was substantially justified or is harmless." *Keiser v. Borough of Carlisle*, Civ. No. 1:15-cv-450, 2017 WL 4053695, at *3 (M.D. Pa. Sept. 13, 2017). Defendants cannot show either.

### A.      No Substantial Justification

To show substantial justification, Defendants must demonstrate "a genuine dispute concerning compliance." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n.23 (3d Cir. 2009) (quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002)). The standard is whether a reasonable person would be satisfied that the parties could "differ as to

whether the party was required to" disclose. *Id.*

There is no genuine dispute that Defendants were obligated under Rule 26(a) and (e) to identify all individuals with relevant knowledge to their defenses, which includes their trial witnesses, but failed to do so. Instead, Defendants waited until more than one year after the close of discovery to identify the three witnesses at issue. Defendants, therefore, cannot demonstrate that their Rule 26 failure was substantially justified.

Indeed, when Defendants untimely disclosed two other witnesses right before the close of fact discovery, the Special Master stated that that untimely disclosure was tantamount to a complete failure to disclose potential witnesses, which would warrant sanctions under Rule 37(c)(1) for violation of Rule 26. *See* Ex. H at 2. Defendants, therefore, could have had no doubt that their complete failure to identify these three witnesses would violate Rule 26.

**B.      Defendants' Failure to Identify the Witnesses Is Not Harmless**

Defendants likewise cannot demonstrate that their failure to identify the three witnesses under Rule 26 was harmless. Because Defendants did not identify the witnesses until well after fact discovery closed, Relator cannot depose them, seek their custodial files or other documents associated with them, or seek new testimony from other witnesses already deposed, all of which will significantly impair Relator's ability to prepare to cross-examine these witnesses at trial. It is well-established that an inability to conduct discovery on witnesses, resulting in trial by ambush, constitutes prejudice. *Malone v. United Parcel Serv., Inc.*, No. 2:21-cv-03643, 2025 WL 3900805, at *2 (E.D. Pa. Oct. 16, 2025) ("the prejudice [from the inability to depose a witness] should be fairly obvious to anyone who has ever litigated a case"); *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, No. 95-C-0673, 1996 WL 680243, at *9 (N.D. Ill. Nov. 21, 1996) (finding plaintiff was prejudiced because, "[h]ad Plaintiff been aware of Defendants' intention to raise this defense, it would have altered the way it conducted discovery," including taking depositions of

11

specific witnesses). Furthermore, even if additional discovery into these three undisclosed witnesses were allowed, it would come months after the full factual record has been put before the court in the summary judgment briefing, thus potentially necessitating further briefing to account for any new discovery. The harm is clear.

### III.    Rule 37's Presumptive Sanction of Exclusion is Warranted Here.

In determining whether Rule 37's presumptive sanction of excluding the witnesses' testimony is an appropriate sanction for Defendants' Rule 26 violation, this Court looks to the *Pennypack* factors. *LabMD*, 47 F.4th at 189. Here, each *Pennypack* factor supports exclusion.

### A.    Prejudice or Suprise to Relator

The first factor, the prejudice or surprise to the party caused by the Rule 26 failure, strongly supports exclusion. Defendants' failure to identify the three witnesses deprived Relator of the opportunity to depose them, to seek their custodial files or other relevant documents, or to follow-up with other witnesses or request documents based on their depositions. Discovery is now closed and summary judgment briefing complete. But because Defendants also did not timely identify these witnesses' relevant areas of knowledge, Relator did not pursue discovery on some of those subjects that it otherwise would have. In short, Relator was hampered in its discovery efforts with respect to these witnesses and their relevant subject areas, which will prevent Relator from being able to effectively cross-examine them at trial. That is substantial prejudice that counsels in favor of excluding the witnesses' testimony. *See, e.g., Constellation NewEnergy, Inc. v. Powerweb, Inc.*, Civ. No. 02-2733, 2004 WL 6031004, at *2 (E.D. Pa. 2004) (defendant prejudiced by plaintiff's failure to disclose during discovery information relied upon by defendant's expert, where trial was imminent and discovery closed); *Flores v. Pennsylvania State Police*, Civ. No. 18-0137, 2019 WL 251948, at *4 (E.D. Pa. Jan. 17, 2019) (finding prejudice where witness' relevance to the case was not disclosed and plaintiff lacked opportunity to depose witness before trial).

**B.      Relator's Ability to Cure the Prejudice**

Exclusion of the witnesses' testimony is also warranted because Relator cannot cure the prejudice caused by Defendants' Rule 26 violation. Even if the Court were to re-open discovery to permit Relator to depose these witnesses, that would not fully cure the prejudice. Relator would be unable to question Defendants' already-deposed 30(b)(6) witnesses (or other witnesses) about information learned from these new witnesses, and Relator would be unable to seek targeted document requests, interrogatories, or requests for admission in connection with any new testimony received. Likewise, none of Relator's experts can examine the testimony and documents from these witnesses. And because neither Dr. Catero nor Ms. Kreisher were identified as custodians, Relator lacks access to their custodial files to use in their depositions.  Moreover, because summary judgment has already been briefed and argued, Relator was deprived from the opportunity to use these witnesses' deposition testimony to oppose summary judgment.

In short, Defendants' failure to identify Dr. Catero, Ms. Kreisher, or Mr. Zanin changed the course of discovery; late depositions and/or document production are not a sufficient cure. *See, e.g.*, *Poitra*, 311 F.R.D. at 670 ("remedy of last-minute depositions threatens to undermine the very objectives underlying the disclosure and supplementation requirements" and "would afford Defendant little time to assimilate [the witness'] deposition testimony and re-calibrate their trial preparation as necessary").

**C.      Extent to Which the Evidence Would Disrupt Trial**

Permitting these witnesses to testify, despite Defendants' failure to identify them, will disrupt the orderly and efficient trial of the case. At this point in the case, fact discovery has been closed for over a year, experts have been deposed, and summary judgment has been briefed and argued. The parties are busy preparing for trial. Reopening discovery to depose three witnesses with newly identified areas of knowledge would be highly disruptive to the parties' trial

13

preparation by requiring changes to Relator's case strategy. *See e.g., Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719-21 (3d Cir. 1997) (excluding witness from testifying because, even if defendant could have prepared in time for trial testimony "by means of sufficient last-minute scrambling," defendant would have been forced "to focus its litigation resources on these efforts in the last days before trial"); *Poitra*, 311 F.R.D. at 670 (recognizing that the need for "eleventh hour" depositions or resetting trial to accommodate the evidence weighs in favor of exclusion).

### D. Defendants' Bad Faith

Defendants' bad faith favors excluding the witnesses' testimony here. Defendants have provided no justification for their failure to identify the three witnesses in their Rule 26 disclosures, nor could they. Defendants cannot possibly claim that they were unaware of these three witnesses or their areas of relevant knowledge until after the close of discovery, given that all three are Defendants' employees and all three were also included in Relator's Rule 26 disclosures. Defendants nevertheless waited until more than one year after fact discovery closed to identify these witnesses, and without offering any justification. "[E]ven if there is no evidence of bad faith, where an oversight is not rationally explained and is surely prejudicial, exclusion is appropriate." *Aetna Inc. v. Mednax, Inc.*, Civ. No. 18-2217, 2021 WL 949454, at *4 (E.D. Pa. Mar. 12, 2021).

But here the Court can also infer bad faith based on Defendants' repeated efforts to stymie and mislead Relator's discovery. Defendants identified only a handful of individuals in their initial disclosures, refused to supplement those disclosures despite Relator's prodding, and then identified two new witnesses only two weeks before fact discovery closed. And even after the Special Master concluded that that untimely disclosure violated Rule 26 and warranted sanctions under Rule 37(c)(1), Defendants then waited even longer, more than a year after fact discovery closed, to disclose the three witnesses at issue here. This Court, therefore, can reasonably infer that Defendants' failure to identify these witnesses was not accidental, but part of a calculated effort to

14

mislead Relator about Defendants' intended witnesses.

Indeed, in opposing Relator's request for additional depositions, Defendants effectively led Relator to understand that other witnesses would testify about the topics now identified for the three undisclosed witnesses: Ms. Moyer-Carey would testify regarding the Coverage Determinations and Appeals (CD&A) department, and Mr. Anderson would testify regarding the Trade team, such that Defendants would not rely on other members of the CD&A department, including Dr. Catero and Ms. Kreisher, or other members of the Trade team, including Mr. Zanin. For example, Defendants opposed Relator's request for additional depositions of individuals regarding CD&A and formulary exception requests because "Relator has already deposed [Amy] Moyer-Carey who oversaw the Coverage Determinations & Appeals team that handled formulary exception requests," and whom Defendants had already identified as the relevant witness from the CD&A department and included on their Rule 26 disclosures. *See* Ex. K at 2. Similarly, when Relator sought to depose additional members of the Trade department, Defendants opposed, arguing that Relator "seek[s] to depose people who held similar roles, with little explanation of why multiple depositions are needed," *id.* at 3, and that such depositions were unnecessary because they would "result in 'significant areas of overlap' in testimony." *Id.* at 2.

Moreover, Defendants failed to produce to Relator requested discovery that might have revealed these three witnesses' relevant knowledge. For example, when Relator asked who was responsible for Defendants' policy to automatically deny all formulary exceptions for the Authorized Generics of Harvoni and Epclusa, Defendants failed to include Ms. Kreisher and Dr. Catero as individuals responsible for the policy or who had drafted or maintained the language for it. *See, e.g.,* Ex. L at 8. Now, however, Defendants' pretrial witness list represents that Ms. Kreisher was responsible for "developing denial language for formulary exception requests" and "ensuring

15

compliance with CMS requirements," and that Dr. Catero "was responsible for clinical evaluations of medical necessity" and determining the "clinical considerations relevant to Hepatitis C treatments, including comparisons between brand and authorized generic drugs." Ex. I at 13. That information was directly responsive to Relator's discovery requests, but withheld by Defendants.

To oppose and obstruct relevant discovery, including depositions of other Trade and CD&A members, and then turn around and belatedly add witnesses in those same areas after discovery is closed, is gamesmanship. Such conduct contravenes both the letter and spirit of Rule 26 and constitutes bad faith. *See* Fed. R. Civ. P. 26, Advisory Committee's Note to 1983 amendment (warning against the use of discovery tools as "tactical weapons" and "evasive responses"); *Poitra*, 311 F.R.D. at 664 ("Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to relevant discovery, do their clients no service and necessarily risk the imposition of sanctions.").

### E. Importance of the Excluded Evidence

Finally, none of these three witnesses' testimony is so important that it cannot be excluded. The fact that Defendants did not identify these witnesses in their Rule 26 disclosures belies the conclusion that these witnesses' testimony is critical; such an omission or oversight would not be possible if their testimony was truly important. *See Etheridge v. E.I. DuPont De Nemours & Co., Inc.*, No. 14-cv-2443, 2015 WL 12516227, at *3 (W.D. Tenn. Oct. 14, 2015) ("[B]ecause this evidence is so important to Plaintiff, her explanation for her failure to abide by. . . the Federal Rules of Civil Procedure becomes even less satisfactory."); *Glob. Force Ent.*, 468 F. Supp. 3d at 974 ("If, as Plaintiffs claim, they had no reason to think that Defendant would not be well aware of both [the witness'] existence and expected testimony then it should have been obvious to Plaintiff that [the witness] was required to be disclosed under Rule 26 because she was an individual likely to have discoverable information.") (internal quotation marks and citations

omitted).

Indeed, throughout discovery, Defendants never indicated (in their Rule 26 disclosures or otherwise) that Dr. Catero, Ms. Kreisher, or Mr. Zanin had critical knowledge that made them necessary defense witnesses. To the contrary, Defendants represented that Amy Moyer-Carey (not Dr. Catero or Ms. Kreisher) was the critical witness to testify regarding CD&A, and that Joseph Anderson (not Mr. Zanin), was the relevant witness to testify about Trade's involvement in this case. Ex. A at 2-3; Ex. I at 11-13; and Ex. K at 2. The fact that Defendants did not rely on these three witnesses to educate their 30(b)(6) witnesses or support their summary judgment motion further supports the conclusion that these witnesses' testimony is not so important that it cannot be excluded. Defendants, therefore, should be held to their prior representations that no further witnesses, including the three at issue here, are necessary to testify about these subject matters. *See Kacian v. Brennan*, No. 3:12-cv-102, 2017 WL 933142, at *5 (W.D. Pa. Mar. 8, 2017) (finding that a late disclosed witness's testimony was not "critical" evidence because the party "is calling several other witnesses that appear knowledgeable about and capable of discussing labor relations and employee discipline").

\* \* \*

In sum, each *Pennypack* factor points in the same direction: the testimony of Dr. Catero, Ms. Kreisher, and Mr. Zanin should be excluded.

### CONCLUSION

For the foregoing reasons, Relator respectfully requests that the Court grant its Motion and bar Dr. Martin Catero, Kara Kreisher, and Andrew Zanin from testifying at trial.

17

Dated: July 24, 2026

/s/ William G. Powers

William G. Powers (PA Bar No. 316876)
W. Scott Simmer (*pro hac vice*)
Kenneth D. Capesius (*pro hac vice*)
Marco Palmieri (*pro hac vice*)
BARON & BUDD, P.C.
2600 Virginia Avenue NW
Suite 900
Washington, DC 20037
Telephone: (202) 333-4562
Facsimile: (214) 279-9915

Daniel Alberstone (*pro hac vice*)
Evan Michael Zucker (*pro hac vice*)
Elizabeth G. Smiley (*pro hac vice*)
Peter B. Klausner (*pro hac vice*)
BARON & BUDD, P.C.
15910 Ventura Blvd., Ste. 1600
Encino, CA 91436
Telephone: (818) 839-2333
Fax: (818) 986-9698

Joe H. Tucker, Jr., Esquire
Tucker Law Group
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

*Counsel for Relator Ellsworth Associates, LLP*

18

**CERTIFICATE OF SERVICE**

I certify that on July 24, 2026 this document was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

*/s/ William G. Powers*